This is a divorce case.
The husband appeals from a "final judgment of divorce dated August 28, 1984." The sole contention of error raised by the husband on appeal is that the trial court lacked jurisdiction to grant an absolute divorce when there was no testimony taken from either of the parties regarding residence of the parties or grounds for the divorce.
Following the filing of the wife's complaint for divorce, the parties reached an agreement on property division and settled the divorce action before going to trial. The settlement took place on May 10, 1984. The final decree of divorce was entered on May 24, 1984. On June 5, 1984 the husband filed a motion to set aside the final judgment. The husband alleged as grounds that the parties had not been able to complete the settlement that they had agreed upon. He requested that the trial court not make the order granting divorce final until a more complete written agreement of the settlement reached between the parties could be incorporated into the final decree.
The trial court denied the motion to set aside on June 8, 1984. That order was entered on June 12, 1984. Rule 4, A.R.A.P., requires that notice of appeal be filed within forty-two days of the date of the entry of judgment or the order appealed from. Holmes v. Powell, 363 So.2d 760 (Ala. 1978). The husband had forty-two days within which to file notice of appeal beginning June 12, 1984, the date of the entry of the trial court's denial of his motion to set aside. Rule 4 (a)(3), A.R.A.P. Therefore, the notice of appeal in this case, which was given on October 5, 1984, is not timely filed. The timely filing of the notice of appeal is a jurisdictional act.Thompson v. Keith, 365 So.2d 971 (Ala. 1978); Allen v. Holmes,439 So.2d 166 (Ala.Civ.App. 1983). Failure to appeal within the prescribed time is fatal and requires that the appeal be dismissed ex mero motu. If the husband wishes to collaterally attack the validity of the divorce decree, the proper method would be through a Rule 60 (b)(4), A.R.Civ.P. motion filed below.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.