This is a divorce case. The dispositive issue is whether this case is due to be dismissed for failure to timely file a notice of appeal.
John S. Scheilz (husband) filed a complaint for divorce from Nancy A. Scheilz (wife) on August 30, 1989, in the Dallas County Circuit Court. The trial court granted the divorce on March 8, 1990, and entered a decree regarding child support, alimony, and the division of marital property. On March 15, 1990, the husband filed a motion for reconsideration or, in the alternative, for a new trial. The trial court ruled on that motion on October 9, 1990, and entered an order modifying the terms of the divorce decree. The husband filed this appeal on November 7, 1990. We dismiss the appeal as untimely filed. *Page 675 
Rule 59.1, Alabama Rules of Civil Procedure, provides that a post-judgment motion filed pursuant to Rule 59, A.R.Civ.P., shall be deemed denied if not ruled on by the trial court within 90 days after it is filed. Appeal must be taken within 42 days after the expiration of the 90-day period. Burgess v.Burgess, 486 So.2d 1300 (Ala.Civ.App. 1986); Simmons v.Simmons, 390 So.2d 622 (Ala.Civ.App. 1980); Rule 4(a)(1), (3), Alabama Rules of Appellate Procedure. The husband filed his motion for reconsideration or for a new trial on March 15, 1990. The 90-day period allowed by Rule 59.1 began to run on that day and expired on June 13, 1990. Therefore, the trial court's order issued on October 9, 1990, is a nullity and is of no force and effect. Colburn v. Colburn, 510 So.2d 266
(Ala.Civ.App. 1987); Greco v. Thyssen Mining Construction, Inc.,500 So.2d 1143 (Ala.Civ.App. 1986).
Rule 59.1, A.R.Civ.P., allows the parties to extend the 90-day period for ruling on a post-judgment motion. Consent must be expressed by all parties and must appear in the record. Although the parties filed an initial agreement with the trial court, consenting to an extension of the 90-day period to June 30, 1990, the agreement was not filed until June 19, 1990, the ninety-sixth day. The motion having been denied on June 13, 1990, by operation of the rule, the agreement was of no effect. We note that the parties dated this extension agreement "May 28, 1990." However, the record indicates that the agreement was not filed until June 19, 1990. Moreover, even if the earlier date was effective, the requested extension for a hearing was only until June 30, 1990, well before the trial court's order of October 9, 1990.
The parties filed a later agreement with the trial court on December 18, 1990, pursuant to Rule 59.1, A.R.Civ.P., consenting to an extension of the time for the trial court to rule on the husband's motion from 90 days to "such time as the trial court shall rule on said Motion." However, as with the initial extension agreement, the parties' consent to an extension of time under Rule 59.1 must be filed prior to the expiration of the 90-day period. State v. Wall, 348 So.2d 482
(Ala. 1977); Coosa Marble Co. v. Whetstone, 294 Ala. 408,318 So.2d 271 (1975); Personnel Board for Mobile County v.Bronstein, 354 So.2d 8 (Ala.Civ.App. 1977). The second agreement was filed well after the 90-day period had run.
The time for appeal expired on July 25, 1990, 42 days after the husband's motion to reconsider was denied by operation of law, Rule 4(a)(3), A.R.A.P. Since the husband filed his notice of appeal after that date, we do not have jurisdiction and must dismiss the appeal ex mero motu. Tri-State Auto Auction v.Crouch, 475 So.2d 877 (Ala.Civ.App. 1985); Rule 2(a)(1), A.R.A.P.
We have no alternative but to dismiss this appeal as untimely filed and to hold that the trial court's order of October 9, 1990, is void and of no force and effect. Kichler v. Kichler,523 So.2d 1074 (Ala.Civ.App. 1988).
APPEAL DISMISSED.
ROBERTSON, P.J., concurs.
THIGPEN, J., recuses himself.