Claud E. Hornsby III, C.E. Hornsby, Jr., and Emily J. Hornsby petition this Court for a writ of mandamus directing Bibb County Circuit Judge Jack W. Meigs to vacate an order setting aside a default judgment in their favor. The writ is granted.
The petitioners obtained a default judgment against James Newell on April 5, 1994. That judgment was entered by Bibb County Circuit Judge J.C. Norton. On May 5, 1994, Newell filed a motion to set aside the judgment. Judge Norton held a hearing on the motion; however, he made no ruling on that motion until January 10, 1995; on that date he entered an order purporting to grant the motion and to set aside the default judgment. Judge Norton retired from the bench on January 16, 1995. On January 23, 1995, the petitioners filed a motion to set aside Judge Norton's January 10, 1995, order, arguing that the order was void, under Rule 59.1, Ala.R.Civ.P. Judge Meigs conducted a hearing on that motion and concluded that Judge Norton had had no jurisdiction on January 10, 1995, to rule on Newell's motion; however, Judge Meigs, also concluding that he had no jurisdiction to rule on the matter, declined to rule on the petitioners' motion to set aside Judge Norton's order.
Rule 59.1 provides, in pertinent part, as follows:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period." *Page 967 
Judge Meigs concluded that the parties had not consented to extend the time for ruling on Newell's motion to set aside the default judgment; whether Judge Meigs's conclusion in that regard was correct is not an issue in this case. If a trial judge allows a post-trial motion to remain pending, and not ruled upon, for 90 days, as Judge Norton did here, then the motion is denied by operation of law and the trial judge loses jurisdiction to rule on that motion. Rule 59.1; Ex parteJohnson Land Co., 561 So.2d 506 (Ala. 1990). The sole issue presented is whether the petitioners are entitled to a writ of mandamus requiring Judge Meigs to set aside Judge Norton's order.
In Ex parte Johnson Land Co., supra, the trial court granted the defendant's motion to dismiss the plaintiff's complaint. The plaintiff moved for a "rehearing." After 90 days had passed without a ruling on the plaintiff's motion, the court entered an order purporting to grant the plaintiff's motion and to reinstate the case to the court's docket. The defendant petitioned this Court for a writ of mandamus directing the trial court to set aside its order purporting to grant the plaintiff's motion. After discussing the extraordinary nature of mandamus relief, and noting that after 90 days the trial court had lost jurisdiction to rule on the plaintiff's motion, this Court granted the writ, stating:
 "[T]he trial court's order reinstating the [plaintiff's] case to the court docket was a nullity due to the trial court's lack of jurisdiction. This cause is due to be dismissed by the trial court and removed from the court docket, and it is so ordered."
Ex parte Johnson Land Co. is materially indistinguishable from, and thus controls, the present case. Because Judge Norton lacked jurisdiction to set aside the default judgment for the petitioners, his January 10, 1995, order was a nullity and, therefore, is due to be set aside.
WRIT GRANTED.
MADDOX, ALMON, SHORES, COOK, and BUTTS, JJ., concur.