Caterpillar, Inc., a defendant in a circuit court action, petitions for a writ of mandamus directing the trial judge to vacate his order granting the plaintiff's post-judgment *Page 143 
motion. Caterpillar argues that the trial court was without jurisdiction to grant the motion. We grant the writ.
T.A. Hall sued Caterpillar and Thompson Tractor Company, Inc. ("Thompson"), alleging breach of express and implied warranties in connection with the lease and sale of a tractor. On January 14, 1997, the trial court granted Caterpillar and Thompson's motion to dismiss the action, based on the statute of limitations. On February 10, 1997, Hall filed a Rule 59, Ala. R. Civ. P., post-judgment motion. On May 12, 1997, Hall's post-judgment motion was denied by operation of law, under Rule 59.1, Ala. R. Civ. P.[1] On June 10, 1997, the trial court entered an order stating that "all parties expressly consent of record to extend the 90-day time period for the court's disposition of [Hall]'s Rule 59 motion until such time as counsel for all parties can be present at the hearing on said motion." On July 15, 1997, the trial court entered an order purporting to grant Hall's post-judgment motion and to reinstate the case.
Caterpillar contends that the trial court had no jurisdiction to rule on Hall's post-judgment motion after May 12 — that it lost jurisdiction of the case by not ruling on the motion within 90 days. Rule 59.1 states:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record. . . . A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
If a trial court does not rule on a post-judgment motion within 90 days, it loses jurisdiction to rule on the motion.Ex parte Hornsby, 663 So.2d 966 (Ala. 1995). Any extension of this 90-day period must be of record before the 90-day period expires, because any purported extension after the 90 days is a nullity. Scheilz v. Scheilz, 579 So.2d 674 (Ala.Civ.App. 1991); Simmons v. Simmons, 390 So.2d 622 (Ala.Civ.App. 1980). Hall argues that the parties agreed to the trial court's June 10, 1997, entry on the case action summary stating that the parties had consented to extend the 90-day period; therefore, he argues, the parties expressly gave the trial court jurisdiction. In Scheilz, the parties agreed to an extension of the 90-day period; however, that agreement was not made part of the record until after the 90-day period had expired. 579 So.2d at 675. The Court of Civil Appeals held that "the parties' consent to an extension of time under Rule 59.1 must be filed prior to the expiration of the 90-day period." Id. at 675. The opinion in Scheilz indicates that the consent was given within the 90 days, but that the document stating that consent was not filed till after the 90 days had run. It is clear that any consent given in the present case came after the period allowed by Rule 59.1 had expired.
The trial court's entry stating the parties' consent to extend the 90-day period is a nullity. The trial court lost jurisdiction to rule on the motion at the end of the 90th day after the post-judgment motion was filed; therefore, after the 90th day the court did not have the power to extend the 90-day period and its attempt to extend the period by consent was unavailing.
Hall also argues that Caterpillar should be barred from raising this issue because, he says, it did not object to the trial court's entry stating the agreement to extend. We disagree. In his brief, Hall admits that Caterpillar informed him that it thought the trial court had no jurisdiction to grant the extension. Thompson's counsel raised the issue of lack of jurisdiction at the July 15, 1997, hearing on Hall's post-judgment motion. Based on the record before us, we hold that this issue was raised in a timely manner.
WRIT GRANTED.
HOOPER, C.J., and ALMON, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
BUTTS, J., dissents.
[1] The 90th day from the filing of the motion would have been May 11, 1997; that day was a Sunday. See Rule 6(a), Ala. R. Civ. P. *Page 144