The appellant, Rodericus Antonio Heard, appeals his convictions for capital murder and murder and his sentence of life imprisonment without the possibility of parole. The question presented in this case is whether a nunc pro tunc order is effective to comply with the provisions of Rule 24.4, Ala.R.Crim.P.
Heard was sentenced on January 12, 2002. He filed a motion for a new trial on February 11, 2002. According to Rule 24.4, Ala.R.Crim.P., the motion was deemed denied by operation of law on March 13, 2002-60 days from the date of sentencing unless it appeared on the record that the motion was continued to a date certain upon agreement of all of the parties. Heard filed a notice of appeal on May 22, 2002. Because Heard's notice of appeal was not timely filed the parties were directed to furnish this Court with proof that the motion was continued in compliance with Rule 24.4, Ala.R.Crim.P. In response to our directive, the trial judge issued an order stating that the motion was not continued in compliance with Rule 24.4 because of a clerical error and that he is now correcting that error. This opinion is written in response to the trial court's order purporting to continue the motion for a new trial.
Rule 24.4, Ala.R.Crim.P., states:
 "No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section."
The trial court attempted to enter a nunc pro tunc order — an order entered after the fact to correct an error in the record. Whether a nunc pro tunc order is sufficient to comply with the requirements of Rule 24.4, Ala.R.Crim.P., is an issue that has not specifically been addressed by the appellate courts in Alabama. However, *Page 977 
the Alabama Supreme Court has interpreted an identical provision in the Alabama Rules of Civil Procedure — Rule 59.1.[1] See Ex parte Caterpillar, Inc., 708 So.2d 142
(Ala. 1997). The Supreme Court stated:
 "If a trial court does not rule on a post-judgment motion within 90 days, it loses jurisdiction to rule on the motion. Ex parte Hornsby, 663 So.2d 966 (Ala. 1995). Any extension of this 90 day period must be of record before the 90-day period expires, because any purported extension after the 90 days is a nullity. Scheilz v. Scheilz, 579 So.2d 674
(Ala.Civ.App. 1991); Simmons v. Simmons, 390 So.2d 622 (Ala.Civ.App. 1980). Hall argues that the parties agreed to the trial court's June 10, 1997, entry on the case action summary stating that the parties had consented to extend the 90-day period; therefore, he argues, the parties expressly gave the trial court jurisdiction. In Scheilz, the parties agreed to an extension of the 90-day period; however, that agreement was not made part of the record until after the 90-day period had expired. 579 So.2d at 675. The Court of Civil Appeals held that `the parties' consent to an extension of time under Rule 59.1 must be filed prior to the expiration of the 90-day period.' Id. at 675. The opinion in Scheilz, indicates that the consent was given within the 90 days, but that the document stating that consent was not filed till after the 90 days had run. It is clear that any consent given in the present case came after the period allowed by Rule 59.1 had expired.
 "The trial court's entry stating the parties' consent to extend the 90-day period is a nullity. The trial court lost jurisdiction to rule on the motion at the end of the 90th day after the post-judgment motion was filed; therefore, after the 90th day the court did not have the power to extend the 90-day period and its attempt to extend the period by consent was unavailing."
708 So.2d at 143. The rationale for the court's holding inEx parte Caterpillar, Inc., was explained by that court in Edgar v. State, 646 So.2d 683 (Ala. 1994):
 "The major purpose of Rule 59.1, Ala. R.Civ.P., was to make sure that post-trial motions did not remain pending in the trial courts for a long period of time unless the parties consented. At the time Rule 59.1 was adopted, there were many instances in which post-trial motions had remained pending in trial courts for an inordinate length of time. The commentary to Rule 59.1, Ala.R.Civ. P., indicates that `[the] rule [was] designed to remedy any inequities arising from failure of the trial court to dispose of post-trial motions for unduly long periods.' Rule 24.4, Ala.R.Crim.P., was likewise designed to require trial judges to rule on post-judgment motions in criminal cases within 60 days after the pronouncement of sentence, a shorter period than is provided for in the civil rule, namely, 90 days. The whole purpose of the Rule is to ensure a speedier resolution of the case."
646 So.2d at 687.
The same rationale applies to Rule 24.4, Ala.R.Crim.P. Accordingly, a motion for a *Page 978 
new trial filed pursuant to Rule 24, Ala. R.Crim.P., is deemed denied by operation of law if not ruled on within 60 days from the date of sentencing or if not continued to a date certain upon agreement of the parties and entered of record before the 60-day time period expires.
A nunc pro tunc order "cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said." McGiboney v. McGiboney,679 So.2d 1066, 1068 (Ala.Civ.App. 1995). The trial court's order attempted to correct a jurisdictional defect, i.e., to restore jurisdiction to the trial court after the posttrial motion had been denied by operation of law pursuant to Rule 24.4, Ala.R.Crim.P. State v. Property at 2018 Rainbow Drive,740 So.2d 1025 (Ala. 1999). The circuit court's order was void. Any order attempting to extend the 60-day period provided by Rule 24.4, Ala. R.Crim.P., must be entered before the 60-day period expires. Ex parte Caterpillar, Inc., supra.
This case exemplifies the harsh consequences of the failure to comply with Rule 24.4, Ala.R.Crim.P. — a problem that this Court has noticed is becoming more prevalent. Because the trial court had no jurisdiction to enter the nunc pro tunc order the motion for new trial was deemed denied by operation of law on March 13, 2002. The notice of appeal was not filed until May 22, 2002 — a date significantly past the 42-day time period for filing a notice of appeal. See Rule 4, Ala.R.App.P. The failure to file a timely notice of appeal divests a reviewing court of jurisdiction to consider the appeal.[2]
Accordingly, this case is due to be, and is hereby, dismissed. Heard's remedy, if any, is to file a petition for postconviction relief under Rule 32.1(f), Ala.R.Crim.P.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Rule 59.1, Ala.R.Civ.P., states:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remaining pending in the trial court for more than ninety (90) days, unless, with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
[2] This Court has no jurisdiction to extend the time for filing a notice of appeal. See Rule 2(b), Ala.R.App.P.