We granted Rodericus Heard's petition for a writ of certiorari to determine whether the Court of Criminal Appeals erred in dismissing Heard's appeal based on its finding that the notice of appeal was not timely filed. We reverse and remand.
 Facts and Procedural History
On January 12, 2002, Rodericus Heard was convicted of one count of murder and one count of capital murder. He was sentenced to life imprisonment for the murder conviction and to life imprisonment without the possibility of parole for the capital-murder conviction. After his trial and sentencing, Heard filed a motion for a new trial on February 11, 2002. On the same day, Heard also filed a "Motion to Set Hearing and Extend Time for Decision on Motion for New Trial and Motion in Arrest of Judgment."
Heard's motion stated two grounds for extending the time. The first ground was that the time needed to prepare the trial transcript, combined with the time needed to adequately review the transcript, would likely be longer than 60 days. Heard's counsel explained that pursuant to Rule 24.4, Ala. R.Crim. P., [1] the motion for a new trial would be denied by operation of law 60 days after the pronouncement of sentence. The second ground for the motion was that Heard's counsel was pregnant, and she anticipated being on maternity leave during a portion of the 60-day period. Heard's counsel asserted in the motion that "the undersigned has contacted counsel for the state who consents to such an extension [of time] for the stated grounds." In response to the motion, the trial court filed an order on March 13, 2002, setting Heard's motion for a new trial for a hearing on April 11, 2002.[2] *Page 980 
Subsequently, Heard's counsel, for reasons unclear from the record, filed a notice of appeal on May 22, 2002, 41 days after the April 11, 2002, scheduled hearing date. Upon receiving the notice of appeal, the Court of Criminal Appeals issued an order on June 20, 2002, stating that it appeared that Heard's motion for a new trial had been denied by operation of law on March 13, 2002, unless the motion had been continued. The Court of Criminal Appeals ordered Heard to provide that court with "a certified copy of the entry of record made on or before March 13, 2002, continuing his motion for new trial beyond that date in compliance with the procedure prescribed in Rule 24.4 of the Alabama Rules of Criminal Procedure." The court further stated that if Heard failed to provide the requested material within 14 days, his appeal would be dismissed.
Heard responded to the order by filing in the trial court a motion requesting that court to clarify its March 13, 2002, order. The trial court held a hearing on the motion and afterwards, on July 3, 2002, issued a corrected order. The court's order stated that its understanding at the time of the March 13, 2002, order was that the prosecutor and Heard had consented to extend the time for a ruling on Heard's motion for a new trial. Furthermore, the trial court stated that its failure to include a reference in the text of its March 13, 2002, order to the parties' consent to extend the time was a clerical error. Consequently, pursuant to Rule 29, Ala. R.Crim. P., the trial court corrected its March 13, 2002, order to include a recitation that the parties had in fact consented on record to the continuance. Heard filed this clarification order with the Court of Criminal Appeals on July 8, 2002. The record of the case was certified as complete by the circuit clerk on July 24, 2002, and was filed -with the Court of Criminal Appeals on July 29, 2002.
The Court of Criminal Appeals dismissed Heard's appeal. SeeHeard v. State, 999 So.2d 975 (Ala.Crim.App. 2002). That court overruled Heard's application for a rehearing on October 25, 2002. Heard then petitioned this Court for certiorari review, and we granted the petition.
 Standard of Review
The facts before us are undisputed. The only question to be decided is a question of law, and our review therefore is de novo. See State v. Hill, 690 So.2d 1201, 1203-04
(Ala. 1996); Ex parte Key, 890 So.2d 1056, 1059
(Ala. 2003)("This Court reviews pure questions of law in criminal cases de novo.").
 Analysis
In its opinion dismissing Heard's appeal, the Court of Criminal Appeals noted that, under Rule 59.1, Ala. R. Civ. P., which provides that in civil cases a postjudgment motion is deemed denied by operation of law after it has been pending for 90 days, a trial court loses jurisdiction over any post-judgment motions not ruled upon within 90 days, unless there is a continuance that is of record before the expiration of the 90-day period. See, e.g., Ex parte Caterpillar,Inc., 708 So.2d 142 (Ala. 1997); Ex parte Hornsby,663 So.2d 966 (Ala. 1995); Scheilz v. Scheilz,579 So.2d 674 (Ala.Civ.App. 1991); and Simmons v. Simmons,390 So.2d 622 (Ala.Civ.App. 1980). The Court of Criminal Appeals analogized Rule 59.1 to Rule 24.4, Ala. R.Crim. P., which provides that a motion for a new trial is deemed denied after it has been pending for 60 days, and held that the trial court in this case was without jurisdiction to enter its clarification order because it lost jurisdiction of the case after 60 days. Therefore, the Court of Criminal Appeals dismissed Heard's appeal as untimely.
Heard argues that the Court of Criminal Appeals erred in holding that the trial *Page 981 
court did not retain jurisdiction of his case beyond March 13, 2002. Specifically, Heard asserts that the trial court, pursuant to Rule 24.4, Ala. R.Crim. P., appropriately continued the hearing on his motion for a new trial. It is undisputed that the trial court's March 13 order properly "carried" Heard's motion past the sixtieth day to a date certain. Therefore, this Court is left to determine whether the record reflects the "express consent of the prosecutor and the defendant or the defendant's attorney" to the continuance. See Rule 24.4, Ala. R.Crim. P.
Heard alleges that the express consent of both parties to the continuance of the motion for a new trial was clearly expressed in the record before March 13, 2002, as required by Rule,24.4, Ala. R.Crim. P. Heard's uncontested February 11, 2002, motion, contained in the record, stated that Heard's counsel had "contacted counsel for the state who consents to such an extension for the stated grounds." This, Heard alleges, constitutes the appearance in the record of the prosecution's consent to the continuance for purposes of Rule 24.4, Ala. R.Crim. P. We agree.
In Ex parte Howlet, 801 So.2d 30 (Ala. 2000), the defendant, Howlet, was convicted of two counts of capital murder. Subsequently, Howlet and the State filed a joint motion, pursuant to Rule 24.4, Ala. R.Crim. P., requesting a continuance past the 60-day time limit. In response, the trial court entered an order stating that upon the joint motion of the parties, the trial court would continue the hearing on the motion for a new trial for 30 days. Thereafter, Howlet requested a second continuance of the motion for a new trial, and the State consented to the continuance. The trial court's order granting the second continuance, however, did not mention that the parties had agreed to continue the hearing. In holding that the trial court's order complied with Rule 24.4, this Court noted, among other things, that "the requested continuance was agreed upon by both parties, and that agreement is of record." Id. at 33.
In this case, Heard's unchallenged motion for a new trial demonstrated the express consent of both parties, and that consent was entered into the record when the motion was filed on February 11, 2002. In addition, the trial court filed an order in response to this motion on March 13, 2002, continuing the hearing to a date certain as required by Rule 24.4, Ala. R.Crim. P. Heard argues that this continuance was proper according to the plain language of Rule 24.4.
In its brief, the State agrees with Heard:
 "The express representation by Heard's counsel that she had `contacted counsel for the State who consent[ed]' to her request for an extension should be sufficient to comply with the consent requirement of Rule 24.4. To hold otherwise would write into the law a presumption that the representation of counsel, regarding whether counsel for another party has consented to an action, is neither reliable nor trustworthy. The State does not agree with this presumption."
We agree. The express consent of the parties to the continuance does appear in the record of this case, as required by Rule 24.4, Ala. R.Crim. P.
 Conclusion
The record demonstrates that Heard's motion for a new trial was properly carried to a date certain and that the parties consented to this extension. See Rule 24.4, Ala. R.Crim. P. Because the motion was not denied by operation of law on March 13, 2002, Heard's notice of appeal was timely filed. Therefore, the Court of Criminal Appeals erred in dismissing his *Page 982 
appeal. We reverse that court's judgment and remand the case for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] Rule 24.4, Ala. R.Crim. P., provides:
 "No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section."
[2] The trial court later continued the hearing two more times, setting it first for June 27, 2002, and then for August 20, 2002.