910 So.2d 137 (2004)
Janine Cleveland MOORE
v.
David Brent MOORE.
2030266.
Court of Civil Appeals of Alabama.
December 30, 2004.
Rehearing Denied February 4, 2005.
Certiorari Denied April 8, 2005.
*138 Allen R. Stoner, Decatur, for appellant.
Angela Dawson Terry of Malcom, Terry & Jett, P.C., Moulton, for appellee.
Alabama Supreme Court 1040707.
MURDOCK, Judge.
Janine Cleveland Moore, the mother, appeals from a judgment of the Colbert Circuit Court transferring physical custody of her son to David Brent Moore, the father. We dismiss the mother's appeal for lack of jurisdiction.
Sole physical custody of the parties' son was awarded to the mother pursuant to a divorce judgment entered in November 1996. The father was awarded standard visitation. In February 1999, the mother filed a petition to modify the father's visitation rights. In March 1999, the father filed a petition for immediate temporary custody of the child and for permanent custody. After a series of additional pleadings and bitterly disputed custody hearings, the trial court conducted an extensive final hearing on the parties' petitions in May 2003. On June 4, 2003, based in part on the recommendation of the child's guardian ad litem and on the recommendations of psychologists who had interviewed the parties and the child, the trial court entered a judgment awarding the father sole physical custody of the child and awarding the mother temporary supervised visitation with the child, with said temporary visitation to be modified to unsupervised visitation upon a favorable report from the Children's Advocacy Center.
On July 3, 2003, the mother filed a "Motion for New Trial or Motion to Alter, Amend, or Vacate Judgment." She also filed a motion to enlarge the time in which she could amend her postjudgment motion based on the failure of the court reporter to complete the reporter's transcript. The trial court set the mother's postjudgment motion and her motion to enlarge the time for amending her postjudgment motion for a hearing to be held on August 27, 2003. The father filed a response to the mother's "Motion for New Trial or Motion to Alter, Amend, or Vacate Judgment"; he requested that the trial court deny that motion.
On August 13, 2003, the mother filed a motion to continue the August 27 hearing, alleging that the court reporter's transcript had still not been completed. The record contains no ruling regarding the mother's motion to continue.
*139 On October 2, 2003, the mother filed a letter with the circuit court clerk that was addressed to the trial court. That letter, which was dated October 1, 2003, states, in part:
"Please find enclosed the proposed order per our conference call. In my own defense I had sent this order by e-mail to [the guardian ad litem] on September 12, 2003. A copy of [the e-mail] is enclosed. This was done at her suggestion. It was somewhat frustrating to learn that she had not even checked her e-mails until Tuesday, September 30.... This, according to [the guardian ad litem] in my phone conversation with her on Wednesday, October 1, 2003, to learn why she had not delivered the order to you."
The September 12, 2003, e-mail that was attached to the letter stated: "Please find attached the order granting the extension of the Rule 59.1 dispositional date. Deliver this to [the trial court] asap."
On October 10, 2003, the trial court entered an order that states:
"The parties hereto ... have jointly and expressly consented in writing and in the record to an extension of the dispositional date of Rule 59.1 of the Alabama Rules of Civil Procedure from October 1, 2003 to December 1, 2003 as the same concerns the disposition of a motion for a new trial or motion to alter, amend, or vacate judgment that had been filed by [the mother] on July 3, 2003. The Court finds the same to be acceptable and it is therefore, ORDERED, ADJUDGED, and DECREED that by mutual consent of all parties the dispositional date of ninety days from the filing of an ARCP Rule 59 post-judgment motion shall be extended from October 1, 2003 to December 1, 2003."
In November 2003, after conducting a hearing on the mother's postjudgment motion, the trial court entered an order purporting to deny the mother's "Motion for New Trial or Motion to Alter, Amend, or Vacate Judgment." In its order, the trial court also stated:
"On or about July 29, 2003 the [father] filed his Response to Motion for New Trial or Motion to Alter, Amend, or Vacate Judgment. The motions were set for hearing at which time the [mother] appeared and the [father] appeared with his attorney of record. Following the hearing the Court spoke with the parties' respective attorneys of record and the Guardian ad Litem and by agreement the deadline for the post-trial motions to remain pending in the trial court was extended until December 1, 2003."
The record contains no transcript of the hearing or the trial court's discussion with the parties' attorneys.
On December 10, 2003, the mother filed a notice of appeal from the denial of her "Motion for New Trial or Motion to Alter, Amend, or Vacate Judgment." On appeal, the mother contends that the trial court erred by awarding the father custody of the parties' child. However, based on our review of the record, we conclude that this court is without jurisdiction to consider the mother's appeal.
Neither party has raised an issue relating to the timeliness of the mother's appeal; however, this court has held that "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997)(quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). The timely filing of a notice of appeal is a jurisdictional act. Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985).
*140 Subject to certain exceptions that are not applicable in this case, Rule 4(a)(1), Ala. R.App. P., requires that in all cases in which an appeal is permitted, the notice of appeal shall be filed within 42 days of the entry of the judgment or order appealed from. Rule 4(a)(3), Ala. R.App. P., provides that a postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., will suspend the time for filing a notice of appeal until (1) the date such motion is granted or denied, or (2) the date the motion is deemed denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P.
Rule 59.1, Ala. R. Civ. P., states:
"No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record.... A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
(Emphasis added.)
A trial court loses jurisdiction to rule on a postjudgment motion if it does not rule on the motion within the time prescribed by Rule 59.1. See Ex parte Caterpillar, Inc., 708 So.2d 142, 143 (Ala. 1997). Also, our courts have held that any extension of the 90-day period provided in Rule 59.1 "must be of record before the 90-day period expires, because any purported extension after the 90 days is a nullity." Id. (emphasis added); see also Newman v. Newman, 773 So.2d 481, 483 (Ala.Civ.App. 1999); and Scheilz v. Scheilz, 579 So.2d 674, 675 (Ala.Civ.App.1991).
The mother's postjudgment motion was filed on July 3, 2003. The last day on which the trial court could have entered a valid order extending the 90-day period for ruling on the mother's postjudgment motion was October 1, 2003. The trial court's order purporting to extend the 90-day period based on the alleged consent of the parties was not entered until October 10, 2003.[1] Therefore, the trial court's October 10, 2003, order is a nullity.
The mother had 42 days from the date that her postjudgment motion was denied by operation of law to file a notice of appeal. The final date on which the mother could have filed an effective notice of appeal was November 12, 2003. She filed her notice of appeal on December 10, 2003. Rule 2(a)(1), Ala. R.App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." We have concluded that the mother's appeal is untimely; therefore, we dismiss the appeal.
The father's request for an award of costs and an attorney fee on appeal is denied.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, J., concurs specially, with writing.
CRAWLEY, Judge, concurring specially.
I concur with the majority opinion that the appeal was not timely filed and, therefore, was due to be dismissed. I write specially to note that even if the appeal had been timely filed, the agreement to extend the time for the hearing on the *141 postjudgment motion did not comply with Rule 59.1, Ala. R. Civ. P., or Ex parte Bodenhamer, 904 So.2d 294 (Ala.2004).
NOTES
[1] In addition, the agreement to extend the time for ruling on the mother's postjudgment motion, if there was one, does not appear to comply with the requirements of Rule 59.1.