Curtis T. Green sued Georgia-Pacific Corporation seeking to recover workers' compensation benefits for an alleged on-the-job injury. On January 16, 2004, the trial court entered a judgment in favor of Georgia-Pacific. Green filed a postjudgment motion on February 13, 2004. See Rule 59(e), Ala. R. Civ. P. (providing that a postjudgment motion may be filed within 30 days of the entry of a final judgment). On June 9, 2004, the trial court purported to enter an order denying Green's February 13, 2004, postjudgment motion. Green filed a notice of appeal on June 25, 2004. However, because we conclude that Green's notice of appeal was untimely filed, we must dismiss this appeal. Rule 2(a)(1), Ala. R.App. P.
A Rule 59 postjudgment motion is deemed to be denied by operation of law if the trial court fails to rule on the motion within 90 days. First Alabama Bank v. McGowan, 758 So.2d 1116,1117 (Ala.Civ.App. 2000) (citing Rule 59.1, Ala. R. Civ. P.). A trial court loses jurisdiction to rule on a postjudgment motion 90 days after the filing of that motion. Ex parte Caterpillar,Inc., 708 So.2d 142, 143 (Ala. 1997). Further, "[a]n appeal must be taken within 42 days from the entry of the judgment, or within 42 days of the denial of a postjudgment motion, whether by order or by operation of law." Newman v. Newman, 773 So.2d 481, 483
(Ala.Civ.App. 1999) (citing Rule 4(a)(1) and (3), Ala. R.App. P., and Wall v. Wall, 628 So.2d 881 (Ala.Civ.App. 1993)).
In this case, the 90th day after February 13, 2004, the date on which Green filed his postjudgment motion, was May 13, 2004. Although the trial court *Page 963 
purported to enter an order denying Green's February 13, 2004, postjudgment motion on June 9, 2004, the trial court was without jurisdiction to enter that order because it was entered more than 90 days after the date Green filed his postjudgment motion. Exparte Caterpillar, Inc., supra; see also Ex parte Hornsby,663 So.2d 966 (Ala. 1995). In order to properly invoke the appellate jurisdiction of this court, Green was required to file his notice of appeal within 42 days of the date his postjudgment motion was denied by operation of law. Rule 4(a)(1) and (3), Ala. R.App. P.;Newman v. Newman, supra. Forty-two days from May 13, 2004, was June 24, 2004. Green filed his notice of appeal on June 25, 2004, one day after the expiration of the date for the timely filing of his notice of appeal.
"The timely filing of [a] notice of appeal is a jurisdictional act." Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985). Because Green's notice of appeal was untimely, it did not invoke the jurisdiction of this court, and this appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.