MOORE, Judge.
Ryann E. Fox (“the mother”) appeals from a custody-modification judgment of the Calhoun Circuit Court that awarded Jeremy S. Arnold (“the father”) primary physical custody of the parties’ children, J.A.A., who was born on February 14, 2003, and A.A., who was born on August 18, 2004 (sometimes hereinafter referred to collectively as “the children”). We dismiss the mother’s appeal as untimely filed.

Background

On August 28, 2007, the father filed a contempt petition against the mother in the Shelby Circuit Court. The father asserted that a judgment of divorce dissolving his marriage to the mother had been entered by the Shelby Circuit Court on August 13, 2006, and had been amended by that court on February 15, 2007. The father asserted that, as amended, the divorce judgment awarded him supervised visitation with the children, which visitation was to be supervised by the children’s maternal grandparents, and ordered that his visitation with the children was to progress to overnight unsupervised visitation as of August 1, 2007. The father further asserted that he had complied with all the requirements set forth in the divorce judgment, as modified, but that the mother had refused to allow him the visitation to which he was entitled.
The mother answered the father’s contempt petition, denying his allegations and asserting that, in the divorce judgment, as amended, she had been awarded sole custody of the children, that the father had been ordered to pay child support, and that, as a result of the father’s improper conduct, the Shelby Circuit Court had required the father’s visitation with the children to be supervised. The mother further asserted that the father had failed to comply with the conditions set forth in the divorce judgment, as amended, in order for him to obtain unsupervised visitation. The mother also counterclaimed for a child-support modification and requested that, because both she and the father were residing in Calhoun County, the cause be transferred to the Calhoun Circuit Court. The Shelby Circuit Court transferred the cause to the Calhoun Circuit Court (“the trial court”) on February 7, 2008.
On July 24, 2008, the father amended his pleadings to request a modification of custody and to request that the mother be held in contempt for failing to comply with the Alabama Parent-Child Relationship Protection Act, Ala.Code 1975, § 30-3-160 et seq.
In September 2008, the trial court entered a pendente lite order, approving the parties’ stipulated agreement regarding the father’s visitation pending a final hearing. In that order, the trial court noted that, although the father continued to object to supervised visitation, to the mother’s relocation to Georgia with the children, and to her continued custody of the children, the parties had agreed, among other things, that the father’s wife would supervise his visitation with the children pending a final hearing.
On August 24, 2009, the mother moved the trial court to suspend the father’s visitation, raising concerns of improper supervision during the children’s visits with the father and asserting that, based on the children’s reports, the children’s counselor *419 had filed a report identifying the children as “at risk.”
Also on August 24, 2009, the father filed another contempt petition, asserting that he had had no contact with the children since August 2, 2009. On September 1, 2009, the trial court scheduled a hearing on the father’s August 24 contempt petition, but, on that same date, the trial court granted the mother’s motion to suspend the father’s visitation.
On September 8, 2009, the father responded to the mother’s motion to suspend his visitation. He challenged the exhibits the mother had submitted in support of her allegations as hearsay, incomplete, and unauthenticated.
On November 4, 2009, the father objected to the mother’s proposed plans to relocate to Indiana and requested an ex parte temporary restraining order. On January 21, 2010, the mother responded that she had remarried and that she had provided the father proper notice of her intent to relocate to Indiana and that the trial court had granted her permission to relocate to Indiana when the parties had last appeared in the court’s chambers.[1]
Following ore tenus proceedings on February 18 and March 5, 2010, the trial court entered an “interim order” on March 5, 2010. In that interim order, the trial court, among other things, allowed the father unsupervised visitation with the children. On March 16, 2010, the mother provided the trial court with notice of her compliance with certain provisions of the interim order. On March 18, 2010, the mother filed a motion to alter, amend, or vacate the interim order; the trial court granted the mother’s motion on March 29, 2010, by amending the date the father was to pick the children up for summer visitation.
On May 27, 2010, the father filed a motion seeking a finding of contempt against the mother for her failure to comply with the provisions of the March 5, 2010, interim order. The mother denied those allegations.
On November 19, 2010, the father moved the trial court for an ex parte temporary custody order based upon allegations made in postdivorce litigation occurring in Indiana involving the mother’s new husband. Following ore tenus proceedings on December 20, 2010, the trial court entered an order on December 21, 2010, specifying a holiday visitation schedule for the father and stating that it was taking the father’s motion for an ex parte temporary custody order under advisement.
On December 30, 2010, the trial court entered an “Order of Modification” based upon the evidence it had received at the ore tenus hearings held in February, March, and December 2010. In that judgment, the trial court found that the mother’s testimony at the February 2010 hearing had, in large part, been untruthful; that the mother had shown no interest in working with the father for the benefit of the children; that the father was a fit and proper person to have custody of the children; and that a material change in circumstances had occurred and that the positive good brought about by the change in custody would outweigh any inherent disruption in the children’s lives resulting from the custody modification. The trial court, among other things, awarded the father custody of the children, awarded the mother visitation, ordered the mother to pay child support in the amount of $195 per month, awarded the father an attorney fee in the amount of $2,500, and, to the *420 extent there was additional relief requested in the parties’ pleadings that the trial court had not addressed, it denied such relief.
On January 25, 2011, the father filed an “Ex Parte Motion to Suspend All Contact Between [the Mother] and the Minor Children, Motion for Rule Nisi, and Motion to Alter, Amend, or Vacate.”[2] In that motion, the father asserted that the mother had violated certain provisions of the December 30, 2010, judgment and that she had filed a new complaint with the Calhoun County Department of Human Resources on January 5, 2011, alleging that the father had abused the children; in support of his assertions, the father submitted transcripts of the mother’s recent telephone conversations with the children. The father requested that the trial court modify its December 30, 2010, judgment to require that the mother’s visitation with the children be supervised and that, during the pendency of his contempt petition, the mother be restrained from having any contact with the children. On January 26, 2011, the trial court entered an ex parte order restraining the mother from any and all contact with the children pending further order of the trial court.
On January 26, 2011, the mother timely filed a “motion to reconsider, pursuant to Rule 59, [Ala. R. Civ. P.,]” the December 30, 2010, judgment. The mother challenged the trial court’s findings of fact and conclusions of law contained in the December 30, 2010, judgment, asserting that the trial court’s judgment was plainly and palpably erroneous and that the evidence did not support the trial court’s judgment.
On March 15, 2011, the mother answered the father’s ex parte motion to suspend all contact between her and the children, his petition for contempt, and his motion to alter, amend, or vacate the trial court’s December 30, 2010, judgment. The mother also counterclaimed for a finding of contempt, asserting that the father had violated the December 30, 2010, judgment by monitoring her conversations with the children, by alienating the children from her, and by interfering with her communications with the children; she also sought a modification of custody and attorney fees.[3] The father answered the mother’s counterclaim for contempt and for a modification of custody, denying and demanding proof of the allegations asserted therein.
Following a March 16, 2011, ore tenus hearing on the father’s “Ex Parte Motion, Motion for Rule Nisi, and Motion to Alter, Amend, or Vacate” and the mother’s response thereto, the trial court entered an order on March 18, 2011, allowing the mother supervised visitation with the children at any time during the children’s “Spring Break.” The trial court also stated that, at the March 16, 2011, hearing, testimony had begun but had not been completed.
On January 11, 2012, the trial court purported to address the father’s “Ex Parte Motion to Suspend All Contact Between the Mother and the Minor Children, Motion For Rule Nisi, and Motion to Alter, Amend, or Vacate” and the mother’s “Counterclaim for Rule Nisi and Modification of Custody.” The trial court purported to make final all the terms and provisions of its previous orders and to deny all relief requested by the mother. The *421 mother filed her notice of appeal on February 17, 2012.

Analysis

Before addressing the merits of the issues raised on appeal, we must first consider whether this court has jurisdiction over the mother’s appeal. “ ‘[Jjuris-dictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “ ‘ “[S]ub-ject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.’”” M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)).
Although the mother and the father filed additional pleadings, i.e., contempt petitions and custody-modification petitions, after the entry of the trial court’s December 30, 2010, judgment and after the filing of their postjudgment motions, and although the trial court purported to consider and rule upon those additional pleadings during 2011 and 2012, those pleadings were nullities because they purported to initiate a new action that should have been assigned a “.01” suffix by the trial court’s clerk and that would have required the payment of a new filing fee. See supra notes 2 & 3. See also M.M. v. B.L., 926 So.2d 1038, 1041-42 (Ala.Civ.App.2005) (dismissing father’s appeal taken from a judgment purportedly entered on grandparents’ adoption petition because the petition was not properly filed in the action pending at that time before the juvenile court, the petition was not served on the father as required by the Alabama Rules of Civil Procedure, and no filing fee was paid, which was required to initiate a new action; as a result, the juvenile court lacked subject-matter jurisdiction to grant the adoption petition); and Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (father’s appeal was dismissed for lack of jurisdiction because a custody-modification petition could not substitute for a postjudgment motion and father had failed to pay a filing fee and had failed to properly serve mother with his custody-modification petition, which were required since the custody-modification petition would have initiated a new action).
Thus, the father’s January 25, 2011, and the mother’s January 26, 2011, motions, requesting postjudgment relief pursuant to Rule 59, Ala. R. Civ. P., were the last pleadings properly before the trial court in case action no. DR-08-131. Those motions, however, were subject to Rule 59.1, Ala. R. Civ. P., which provides:
“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
We have examined the record and find no indication that either method identified in Rule 59.1 was used to extend the period for ruling on the postjudgment motions filed by the father and the mother.
*422 “If a trial judge allows a post-judgment motion to remain pending and not ruled upon for 90 days, then the motion is denied by operation of law at the end of the 90th day and the trial judge then loses jurisdiction to rule on the motion. See, e.g., Ex parte Hornsby, 663 So.2d 966, 967 (Ala.1995); see also Ex parte Caterpillar, Inc., 708 So.2d 142, 143 (Ala.1997).”
Ex parte Davidson, 782 So.2d 237, 241 (Ala.2000). The trial court did not rule on either the father’s or the mother’s post-judgment motion within 90 days. As a result, the mother’s postjudgment motion, the later-filed motion, was deemed denied by operation of law on the 90th day after its filing, i.e., April 26, 2011, and the trial court lost jurisdiction of the action on that date.
Rule 4(a), Ala. R.App. P., provides that a notice of appeal must be filed within 42 days of the date of the entry of the judgment or order from which the appeal is taken. The mother’s notice of appeal was filed on February 17, 2012, over nine months after her postjudgment motion was deemed denied by operation of law. As a result, the mother has failed to invoke the jurisdiction of this court and we must dismiss her appeal. See Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”); and Painter v. McWane Cast Iron Pipe Co., 987 So.2d 522, 529 (Ala.2007) (“The filing of a timely notice of appeal is a jurisdictional act.”). See also Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 895 (Ala.2008) (“[W]e are obligated to dismiss an appeal if, for any reason, [subject-matter] jurisdiction does not exist.”).
Additionally, because the trial court purported to enter orders and judgments after it lost jurisdiction to do so, our dismissal is with instructions that the trial court vacate all orders and judgments entered after the December 30, 2010, judgment. See, e.g., Ex parte Norfolk Southern Ry., 816 So.2d 469, 472 (Ala.2001) (“An order issued by a- trial court without jurisdiction is a nullity.”); and Ex parte Hornsby, 663 So.2d 966, 967 (Ala.1995) (because the trial court “lacked jurisdiction to set aside the default judgment for the petitioners, [its] January 10, 1995, order was a nullity and, therefore, is due to be set aside”).
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. On July 19, 2010, the trial court had denied the father’s request for an ex parte temporary restraining order preventing the mother from relocating to Indiana.

. The father’s contempt petition was docketed under the existing case action no., DR-08-131.

. As had the father's contempt petition, the mother’s counterclaim for contempt and custody modification was docketed under the existing case action no., DR-08-131.