THOMAS, Judge.
On November 2, 2013, Tracy Bernard Holt was arrested and charged with conspiracy to distribute a controlled substance, unlawful possession of a controlled substance, and unlawful possession of drug paraphernalia. -Police.also seized $1,872 in cash from Holt’s residence. On December 4, 2013, the State and Brian C.T. Jones, the District Attorney for the 39th Judicial Circuit, filed a complaint in the Limestone Circuit Court seeking the civil forfeiture of the $1,872. Holt entered into an agreement in which he forfeited the $1,872. The circuit court entered a consent judgment incorporating the terms of the agreement on December 5, 2013. On December 18, 2013, Holt filed a postjudgment motion seeking an order setting aside the consent judgment. The circuit court had 90 days to rule on Holt’s postjudgment motion. See Rule 59.1, Ala. R. Civ. P. The circuit court had not entered an order on Holt’s postjudgment motion when Holt -filed an “amended” postjudgment motion on January 6, 2014.
The “amended” postjudgment motion requested the same relief, deleted or differently summarized certain factual assertions, and added three citations to authority supporting the proposition that a trial court may set aside a judgment that was “inadvertently' rendered.” This court has previously explained that a second postjudgment motion seeking the same relief that was sought in a previously filed postjudgment motion does not toll the time for taking an appeal. See Ollis v. Ollis, 636 So.2d 458, 459 (Ala.Civ.App.1994); Gold Kist, Inc. v. Griffin, 659 So.2d 626, 627 (Ala.Civ.App.1994).
The circuit court purported to enter an order denying Holt’s “amended” post-judgment motion on April 16, 2014. Holt filed a notice of appeal on May 28, 2014. However, because we conclude that Holt’s notice of appeal was untimely filed, we dismiss this appeal. Rule 2(a)(1), Ala. R.App. P.
In this case, the 90th day after December 18, 2013, the date on which Holt filed his original postjudgment motion, was March 18, 2014; Although the circuit court purported to enter an order denying Holt’s “amended” postjudgment motion on April 16, 2014, the circuit court was without jurisdiction to enter that order because it was entered more than 9‘0 days after the date Holt filed his original postjudgment motion; Ex parte Caterpillar, Inc., 708 So.2d 142, 143 (Ala.1997); see also Ex parte Hornsby, 663 So.2d 966 (Ala.1995). In order to properly invoke the appellate jurisdiction of' this court, Holt was required to file his notice of appeal within 42 days of the date his original postjudgment motion was denied by operation of law. Rule 4(a)(1) and (3), Ala. R.App. P.; Newman v. Newman, 773 So.2d 481, 483 (Ala.Civ.App.1999). Forty-two days from *455 March 18, 2014, was April 29, 2014. Holt filed his notice of appeal on May 28, 2014, which is after the expiration of the period for the timely, filing of a notice of appeal in this case. “The timely filing of [a] notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 966 (Ala.Civ.App.1985). Because Holt’s notice of appeal was untimely, it did not invoke the jurisdiction of this court, and, therefore, this appeal must be dismissed. See Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.