Rel: May 9, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

————————————

### SC-2024-0704

————————————

## Teresa Williams and Barney's Childcare and Learning Center, Inc., d/b/a Pooh Bear Academy

### v.

## Debbie Dodd et al.

### Appeal from Montgomery Circuit Court
### (CV-23-901240)

BRYAN, Justice.

Teresa Williams and Barney's Childcare and Learning Center, Inc., d/b/a Pooh Bear Academy ("the day-care provider"), appeal from a judgment of the Montgomery Circuit Court dismissing their complaint against various officials and employees of the Alabama Department of Human Resources ("ADHR") and the Elmore County Department of Human Resources ("EDHR"). The officials and employees of both ADHR and EDHR are collectively referred to as "the DHR employees."[1] Because Williams and the day-care provider did not file their notice of appeal within 42 days after their postjudgment motion to alter, amend, or vacate was denied by operation of law under Rule 59.1, Ala. R. Civ. P., we dismiss the appeal.

## I. Facts

On August 31, 2023, Williams and the day-care provider filed a complaint against the DHR employees. In their complaint, Williams and the day-care provider asserted various tort claims against the DHR

---

[1]The DHR employees are Nancy Buckner, who was sued in her individual capacity and in her official capacity as Commissioner of ADHR; Debbie Dodd, Bridgette Smith, Stacey Sorrell, Bernard Houston, Tonya Swanner, and Dominic Brinkley, employees of ADHR who were sued in their individual capacities; and Stacey Reed and Amanda Laney, employees of EDHR who were sued in their individual capacities.

employees arising from the suspension and revocation of the day-care provider's operating license and the denial of the day-care provider's application for the renewal of its license. On October 5, 2023, the DHR employees moved the circuit court to dismiss Williams and the day-care provider's complaint based on State immunity and State-agent immunity. On January 22, 2024, the DHR employees amended their motion to dismiss to also assert that Williams and the day-care provider's claims were barred by the doctrine of collateral estoppel because, they said, the issues involved in Williams and the day-care provider's claims had been fully litigated in an administrative proceeding regarding the suspension and revocation of the day-care provider's license.

On April 25, 2024, the circuit court dismissed Williams and the day-care provider's complaint. On May 23, 2024, Williams and the day-care provider filed a motion to alter, amend, or vacate the judgment ("the postjudgment motion"). On May 30, 2024, the circuit court set the postjudgment motion for a hearing to be held on July 1, 2024, but it does not appear that that hearing occurred at that time.

3

On September 5, 2024, the circuit court held a hearing on the postjudgment motion. At that hearing, the following exchange took place:

> "[Williams and the day-care provider's counsel]: Judge, as a housekeeping note, Mr. -- when I filed the Motion to Alter, Amend or Vacate, the Court had initially set it for July. I was out of the country. I contacted [the DHR employees' counsel] and asked if the Defendants would consent to the Court setting it past the 90 days.
>
> "[The DHR employees' counsel] was gracious enough to agree to do that and I think was preparing an acknowledgment to the Court of that. I think in the interim, the Court went ahead and issued the Order.[2]
>
> "Judge, as a housekeeping note, the rule is not clear other than saying that an agreement to go past the 90 days … must somehow appear on the Record, that consent. So as a housekeeping note, I think [the DHR employees' counsel] --
>
> "[The DHR employees' counsel]: Your Honor, I will absolutely on the Record say I agreed to a continuance for any -- any need; that is, I would not raise that issue.
>
> "[Williams and the day-care provider's counsel]: And, Judge, as I understand the Rule, the agreement to consent past 90 days applies to a ruling as well."

---

[2]The order referred to here appears to be an order rescheduling the hearing on the postjudgment motion, but such an order does not appear in the record.

4

On September 12, 2024, the circuit court entered an order purporting to deny the postjudgment motion. Williams and the day-care provider filed their notice of appeal on October 17, 2024.

## II. Jurisdiction

Before we address the merits of Williams and the day-care provider's arguments on appeal, we first address whether Williams and the day-care provider's appeal was timely. The timeliness of an appeal is a jurisdictional matter that we address ex mero motu. Williamson v. Fourth Ave. Supermarket, Inc., 12 So. 3d 1200, 1202 (Ala. 2009).

Under Rule 4(a)(1), Ala. R. App. P., a notice of appeal must generally be "filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from." However, "[t]he filing of a post-judgment motion pursuant to Rule[] … 59 of the Alabama Rules of Civil Procedure … shall suspend the running of the time for filing a notice of appeal." Rule 4(a)(3).

As noted above, the circuit court dismissed Williams and the day-care provider's complaint on April 25, 2024. Under Rule 59(e), Ala. R. Civ. P., Williams and the day-care provider had 30 days to file the postjudgment motion. Williams and the day-care provider filed the

5

postjudgment motion on May 23, 2024, which was less than 30 days after the entry of the judgment of dismissal, and the circuit court's time for ruling on the postjudgment motion began to run from that date.

Rule 59.1, Ala. R. Civ. P., sets forth the time within which a trial court must rule on a postjudgment motion. That rule provides:

> "No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59[, Ala. R. Civ. P.,] shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. Consent to extend the time for a hearing on the postjudgment motion beyond the 90 days is deemed to include consent to extend the time for the trial court to rule on and dispose of the postjudgment motion. A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."

Under that rule, the circuit court had 90 days, or until August 21, 2024, to rule on the postjudgment motion. However, the circuit court did not enter its order purporting to rule on the postjudgment motion until September 12, 2024. Thus, unless the time for the circuit court to rule on the postjudgment motion was extended under either of the two extension provisions of Rule 59.1, the postjudgment motion was denied by operation of law on August 21, 2024.

6

Under Rule 59.1, the 90-day period for ruling on a postjudgment motion may be extended if there is (1) the express consent of all the parties or (2) an extension by the appellate court to which an appeal would lie. An extension by an appellate court does not apply in this case.

The record indicates that the parties and the circuit court believed that the parties had expressly consented to an extension of the circuit court's time to rule on the postjudgment motion. At the September 5, 2024, hearing on the postjudgment motion, both parties' counsel stated that they had agreed that the circuit court could set the hearing past the 90-day time limit for ruling on the postjudgment motion, and they attempted to comply with Rule 59.1's requirement that the consent "appear of record" by describing the agreement at the September 5, 2024, hearing.[3] Williams and the day-care provider also mentioned the

---

[3]At the September 5, 2024, hearing, Williams and the day-care provider's counsel mentioned an order issued by the circuit court that appears to have rescheduled the hearing on the postjudgment motion to September 5, 2024, which was after the 90-day period for ruling on the postjudgment motion expired. The order does not appear in the record, and there is nothing to indicate when it was filed or whether it reflected the parties' consent to an extension of the time. Accordingly, even if that order mentioned that the parties had consented to the extension and even if that order was entered before the 90-day period expired, it still did not extend the circuit court's time for ruling on the postjudgment motion because the order was not "of record."

agreement to extend the circuit court's time for ruling on the motion in their October 17, 2024, notice of appeal.

However, Williams and the day-care provider were too late in placing the consent on the record. In <u>Ex parte Caterpillar, Inc.</u>, 708 So. 2d 142, 143 (Ala. 1997), after the trial court had dismissed the plaintiff's claims, the plaintiff filed a postjudgment motion on February 10, 1997. On May 12, 1997, the trial court's 90-day period for ruling on the postjudgment motion expired, and the postjudgment motion was denied by operation of law. On June 10, 1997, the trial court entered an order stating that the parties had expressly consented to extend the 90-day period, and it later entered an order purporting to grant the postjudgment motion. This Court held that the trial court's June 10, 1997, order recognizing the extension by express consent was a nullity because it was entered after the 90-day period had expired.

In so holding, this Court relied on the Court of Civil Appeals' decision in <u>Scheilz v. Scheilz</u>, 579 So. 2d 674 (Ala. Civ. App. 1991). This Court summarized that decision as follows:

"In <u>Scheilz</u>, the parties agreed to an extension of the 90-day period; however, that agreement was not made part of the record until after the 90-day period had expired. 579 So. 2d at 675. The Court of Civil Appeals held that 'the parties'

8

consent to an extension of time under Rule 59.1 must be filed prior to the expiration of the 90-day period.' Id. at 675. The opinion in Scheilz indicates that the consent was given within the 90 days, but that the document stating that consent was not filed [until] after the 90 days had run."

Caterpillar, 708 So. 2d at 143. Accordingly, this Court in Caterpillar held that "[a]ny extension of this 90-day period must be of record before the 90-day period expires, because any purported extension after the 90 days is a nullity." Id. (emphasis added).

Here, as in Caterpillar and Scheilz, the parties did not place anything in the record indicating that they had consented to an extension of the circuit court's 90-day period to rule on the postjudgment motion until after the 90-day period had expired. Thus, the parties' attempted extension by consent was ineffective, and the postjudgment was denied by operation of law on August 21, 2024.

Because the postjudgment motion was denied on August 21, 2024, Williams and the day-care provider had 42 days from that date, or until October 2, 2024, to file their notice of appeal under Rule 4(a)(1), Ala. R. App. P. They did not do so until October 17, 2024. Accordingly, their notice of appeal was untimely, and this Court lacks jurisdiction over the

appeal. <u>Williamson</u>, 12 So. 3d at 1202. Accordingly, Williams and the day-care provider's appeal is due to be dismissed.

### III. Conclusion

As explained above, this Court lacks jurisdiction over Williams and the day-care provider's appeal because the appeal was untimely. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

Stewart, C.J., and Shaw, Mendheim, and Cook, JJ., concur.