On April 3, 2000, Ricky Bernard Trussell pled guilty to trafficking in marijuana. On June 26, 2000, the trial court sentenced him to serve a term of ten years in prison. It also enhanced his sentence by five years because he had possession of a firearm during the commission of the offense. See §13A-12-231(13), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on April 10, 2001. See Trussell v. State, 821 So.2d 1033
(Ala.Crim.App. 2001) (table). On June 21, 2002, Trussell filed a Rule 32 petition, challenging his conviction. Citing §15-18-8(a)(1), Ala. Code 1975, as amended effective May 25, 2000, and this court's decision in Soles v. State, 820 So.2d 163
(Ala.Crim.App. 2001), he argued that the circuit court should reconsider his sentence because the trial court had mistakenly believed that it could not split the five-year mandatory term of *Page 1178 
imprisonment pursuant to § 13A-12-231(1)b., Ala. Code 1975, and the five-year enhancement pursuant to § 13A-12-231(13), Ala. Code 1975. After the State responded, the circuit court conducted an evidentiary hearing and granted the petition. It then split Trussell's sentence and ordered him to serve thirty months in prison followed by five years on probation. This appeal followed.
The State argues that the circuit court did not have jurisdiction to modify Trussell's sentence because he filed his Rule 32 petition more than 30 days after he had been sentenced. It also contends that Trussell's claim was precluded. We agree.
Initially, we note that "an allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void." Rogers v. State, 728 So.2d 690, 691 (Ala.Crim.App. 1998). However, Trussell's sentence was not illegal. See §§13A-12-231(12), 13A-12-231(13), and 13A-5-6(a)(1), Ala. Code 1975. We further note that, pursuant to Rule 24, Ala. R.Crim. P., a defendant may request, and the trial court may order, a modification of his sentence only within 30 days after sentencing. See Ex parte Hitt, 778 So.2d 159 (Ala. 2000). However, because Trussell filed his request for modification more than 30 days after he was sentenced, his request was not timely.
For the above-stated reasons, the circuit court did not have jurisdiction to modify Trussell's sentence. In fact, Trussell's claim that the circuit court should reconsider his sentence was precluded because he could have raised it at trial and on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R.Crim. P. Accordingly, we reverse the circuit court's judgment granting Trussell's petition and modifying Trussell's sentence and remand this case for the circuit court to reinstate Trussell's original sentence.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.