On September 16, 1997, the appellant, Keith Cruitt, pled guilty to second-degree unlawful possession of a forged instrument in case CC-97-1801. The trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison, but split the sentence and ordered him to serve one year followed by five years on supervised probation. On May 19, 1998, the appellant pled guilty to second-degree theft of property in case CC-98-179. The trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison, but split the sentence and ordered him to serve four months followed by five years on supervised probation. On August 13, 1999, the appellant pled guilty to second-degree unlawful possession of a forged instrument in cases CC-99-1275, CC-99-1276, CC-99-1277, and CC-99-2710. On June 13, 2000, the trial court sentenced him, as a habitual offender, to serve concurrent terms of thirty years in prison on each conviction. On September 8, 2000, the appellant filed a "Motion to Reconsider Sentence." On December 6, 2000, the circuit court modified the appellant's sentences in cases CC-99-1275, CC-99-1276, CC-99-1277, and CC-99-2710.[1] It sentenced him to serve a term of fifteen years in prison in each case, but split the sentences to time served and placed him on supervised probation for five years. On September 13, 2002, the appellant's probation officer initiated revocation proceedings. After conducting a revocation hearing, the circuit court revoked the appellant's probation. This appeal followed.
 I.
The appellant argues that his due process rights were violated because the circuit court did not comply with Rule 27.6(c), Ala. R.Crim. P. However, he did not present this argument to the circuit court. Therefore, it is not properly before this court.See Puckett v. State, 680 So.2d 980 (Ala.Crim.App. 1996) (holding that the general rules of preservation apply in probation revocation proceedings).
 II.
The appellant also argues that, in its written revocation order, the circuit court did not adequately state the evidence upon which it relied and its reasons for revoking his probation. The State agrees and asks that we remand this case for the circuit court to enter an adequate written revocation order. In its written revocation order, the circuit court stated:
 "Motion to Revoke Probation, filed 9-13-2002 — GRANTED. CONFESSED DEFENDANT to begin serving sentence as of this date."
(C.R. 12, 25, 37, 49, 61, and 73.) *Page 1238 
 "`The mere reference in an order to a probationer's admission without identifying the violation or offense to which the probationer has admitted does not satisfy the due process requirements recognized in Rule 27.6(f), Ala. R.Crim. P. Such an order, standing alone, does not enable a reviewing court to determine if the revocation of probation "`rests on permissible grounds.'" See Trice, 707 So.2d at 297, quoting Black v. Romano, 471 U.S. 606, 613-15, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985).'
 "[Springfield v. State], 717 So.2d [445,] 446 [(Ala.Crim.App. 1998)]."
Frith v. State, 729 So.2d 352, 354 (Ala.Crim.App. 1998). In its written revocation order, the circuit court stated only that it was relying upon the appellant's confession without any reference to the violation or offense to which he had confessed. Therefore, it did not adequately set forth the evidence upon which it relied and its reasons for revoking the appellant's probation.
 III.
Finally, the State argues that the circuit court improperly modified the appellant's sentences on December 6, 2000. Specifically, it contends that, because the appellant did not file his "Motion to Reconsider Sentence" within 30 days after he had been sentenced, the circuit court did not have jurisdiction to modify his sentences. Initially, we note that "an allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void." Rogers v. State, 728 So.2d 690, 691
(Ala.Crim.App. 1998). However, the appellant's sentences in cases CC-99-1275, CC-99-1276, CC-99-1277, and CC-99-2710 were not illegal. See §§ 13A-9-6(b) and 13A-5-9, Ala. Code 1975. We further note that, pursuant to Rule 24, Ala. R.Crim. P., a defendant may request, and the trial court may order, a modification of his sentence only within 30 days after sentencing. See Ex parte Hitt, 778 So.2d 159 (Ala. 2000). Because the appellant filed his "Motion to Reconsider Sentence" more than 30 days after he was sentenced, his request was not timely. Therefore, the circuit court did not have jurisdiction to modify the appellant's sentences in cases CC-99-1275, CC-99-1276, CC-99-1277, and CC-99-2710. Furthermore, because it did not have jurisdiction to resentence the appellant on those cases, the circuit court's revocation of his probation with regard to those cases is null and void.
For the above-stated reasons, we remand this case to the circuit court with the following instructions. First, the circuit court shall enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking the appellant's probation in cases CC-97-1801 and CC-98-179. Second, the circuit court shall vacate its December 6, 2000, order modifying the appellant's sentences in cases CC-99-1275, CC-99-1276, CC-99-1277, and CC-99-2710 and reinstate the appellant's original sentences in those cases. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] Although the case action summary sheets in cases CC-97-1801 and CC-98-179 include the circuit court's order modifying the appellant's sentences, the order clearly indicates that the circuit court modified only the sentences in cases CC-99-1275, CC-99-1276, CC-99-1277, and CC-99-2710.
* Note from the reporter of decisions: On August 15, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 12, 2003, that court denied rehearing, without opinion. On June 11, 2004, the Supreme Court quashed the writ of certiorari, with opinion (1022118). *Page 1239