On February 13, 2002, Sonja Renall Underwood was convicted of attempted murder and first-degree robbery, violations of §§13A-6-2(a)(1), 13A-4-2, and 13A-8-41(a)(1), Ala. Code 1975. On March 14, 2002, the trial court sentenced Underwood to consecutive life sentences for the two convictions. On April 11, 2002, Underwood filed a motion for a new trial. On May 29, 2002, after holding an evidentiary hearing and more than 60 days after the pronouncement of sentence, the trial court purportedly denied the motion. This appeal followed.
Because we remand this cause to the trial court with directions, we pretermit discussion of any of Underwood's substantive issues until the trial court files a return to our remand order.
Underwood argues that his trial counsel rendered ineffective assistance because, he says, counsel knew that he was mentally ill, yet failed to request a psychiatric evaluation. In addressing this argument, we take the opportunity to revisit some of our caselaw concerning Rule 24.4, Ala. R.Crim. P., and our treatment of cases in which a motion for a new trial has been denied by operation of law.
We have held that, absent express consent of the parties on the record that a hearing on a motion for a new trial be continued, the trial court lacked jurisdiction to conduct a hearing more than 60 days after sentence is pronounced, regardless of the fact that both the State and the defendant participated in the hearing and that neither party complained about a lack of express consent of the parties on the record. See Edgar v. State,646 So.2d 681, 683 (Ala.Crim.App. 1993), aff'd in part and rev'd in part,646 So.2d 683 (Ala. 1994), quoting Box v. Box, 536 So.2d 83
(Ala.Civ.App. 1988). See also Rogers v. State, 819 So.2d 643
(Ala.Crim.App. 2001); Similton v. State, 672 So.2d 1363
(Ala.Crim.App. 1995). However, the Alabama Supreme Court has held that this Court nonetheless has the authority to reinstate the trial court's jurisdiction over the matter in order that the trial court can conduct a hearing on a motion for a new trial that, although it had been denied by operation of law, nonetheless appeared to have had merit. See Ex parte Edgar,646 So.2d 683 (Ala. 1994).
In this case, the trial court conducted an evidentiary hearing, although the motion for a new trial had already been denied by *Page 613 
operation of law.[1] Underwood's argument in his motion for a new trial regarding his mental competency was facially meritorious. At the hearing, both parties argued the merits of the motion for a new trial; neither party complained that the hearing was untimely because the motion for a new trial had already been denied by operation of law. Compare Girard v.State, [Ms. CR-01-0403, November 22, 2002] ___ So.2d ___ (Ala.Crim.App. 2002); Rutherford v. State, 612 So.2d 1277
(Ala.Crim.App. 1992); Atwell v. State, 594 So.2d 202
(Ala.Crim.App. 1991); and Ex parte Williams, 571 So.2d 987
(Ala. 1990), all standing for the proposition that, when the trial court rules on the merits of a pretrial motion under Rule 15.2, Ala. R.Crim. P., and the State does not object to the untimeliness of the motion, this Court cannot hold that the issue was procedurally barred.
If we are to discount the evidence presented during the hearing on the motion for a new trial, we are left with Underwood's assertion that his trial counsel rendered ineffective assistance by failing to request a mental-competency evaluation based on the fact that Underwood was diagnosed with paranoid schizophrenia some 10-15 years before the offense in question and the fact that Underwood had, as a teenager, been committed to the Riverbend Center for Mental Health. Nothing in the record refutes his facts, and nothing in the record refutes his allegation that he was not mentally competent to stand trial.
In a case such as this, rather than send this cause back to the trial court for it to conduct the very same hearing it has already conducted, in the interest of judicial economy, we prefer to remand this cause for the trial court to determine whether the proceedings were extended beyond the 60 days allowed in Rule 24.4 by express agreement of the parties. Compare, e.g., D.W.L. v.State, 821 So.2d 246 (Ala.Crim.App. 2001) (record certified in response to an order from this Court); W.R.C. v. State,681 So.2d 1100 (Ala.Crim.App. 1995) (remanded with directions to certify the record in an opinion), and Brown v. State,534 So.2d 324 (Ala.Crim.App. 1986) (remanded with directions to certify the record in an opinion), all standing for the proposition that the act of certification of the record under Rule 28(A)(1), Ala. R. Juv. P., may be performed after the record has been transmitted to the appellate court.
Although the record is silent, and Rule 24.4 requires that the express consent be on the record, we consider the parties' implied consent, that is, their failure to object to the untimeliness of the hearing, as evidence of their express consent to carry the motion for a new trial past the sixtieth day. Although this implied consent is not sufficient according to Rule 24.4, this Court chooses to authorize a more workable procedure for dealing with a hearing on a motion for a new trial conducted after the expiration of the 60-day period in Rule 24.4. Simply remanding this cause another hearing on the same subject with the same witnesses would be a waste of judicial resources.
Therefore, we remand this cause for the circuit court to determine whether the motion *Page 614 
was continued by express agreement of the parties. If the trial court finds that it was, it is to amend the case action summary to reflect that fact. If the trial court finds that the motion was not continued by express agreement of the parties, it is to conduct another hearing on the motion for a new trial.[2]
The trial court shall then submit its findings and a transcript of the second hearing on return to remand. Due return shall be made within 42 days of the issuance of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and WISE, J., concur. BASCHAB, J., concurs in the result, with opinion. SHAW, J., concurs in the result, with opinion.
[1] The notice of appeal in this case was filed on the same date the appellant was sentenced. However, the notice of appeal was not transmitted to this Court until after the motion for a new trial was purportedly denied by the order of the trial court. Had the notice of appeal been timely transmitted to this Court, our current notice procedure may have prevented the late hearing in this case. We encourage circuit courts to transmit notices of appeal to this Court as soon as practicable.
[2] We point out that the result in this case may have been different had Underwood waited to file his notice of appeal until after the motion for new trial had been denied. If that had been the case, and on remand the trial court determined that there was not express agreement to continue the motion, then the motion for a new trial would have been denied by operation of law and the 42-day period for appeal would have begun to run on that date. Thus, Underwood would have run the risk of his appeal being dismissed as untimely, regardless of the fact that an untimely hearing was held, because there was no express agreement in the record to continue the motion. We encourage defendants to file their notices of appeal as soon as practicable.
* Note from the reporter of decisions: On November 21, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.