905 So.2d 36 (2005)
Michael TAYLOR
v.
STATE of Alabama.
CR-03-1994.
Court of Criminal Appeals of Alabama.
January 21, 2005.
*37 Gerald R. Paulk, Scottsboro, for appellant.
Submitted on appellant's filing only.
PER CURIAM.
The appellant, Michael Taylor, appeals his conviction for trafficking in marijuana and his sentence to 10 years in the state penitentiary. Taylor was convicted and sentenced on February 3, 2004. On March 1, 2004, Taylor filed a timely motion for a new trial. On August 21, 2004, Taylor filed a notice of appeal. Because this Court was not notified of the status of the motion for a new trial, whether it had been denied by operation of law or whether the court had continued the motion in accordance with Rule 24.4, Ala.R.Crim.P., we issued an order on August 31, 2004, requesting that the circuit court notify this Court if the motion had been continued by agreement in accordance with Rule 24.4, Ala.R.Crim.P.[1] If the motion for a new trial had not been continued by agreement then the motion would have been deemed denied by operation of law on April 4, 2004, see Rule 24.4, Ala.R.Crim.P., and Taylor's August 21, 2004, notice of appeal would be untimely. See Rule 4, Ala.R.App.P.
The circuit court filed the following response to our August 31, 2004, order:
"No express consent of the parties to continue the hearing on the posttrial motion after the expiration of the 60-day period in Rule 24 appears in the record. The parties implied consent is evidence of their express consent to carry the motion for a new trial past the sixtieth day. Underwood v. State, 879 So.2d 611 (Ala.Crim.App.2003)."[2]
*38 In remanding this case we relied on our decision in Underwood v. State, 879 So.2d 611 (Ala.Crim.App.2003)(Baschab, J., and Shaw, J., concurring in the result), where a majority of this Court held:
"Although the record is silent, and Rule 24.4 requires that the express consent be on the record, we consider the parties' implied consent, that is, their failure to object to the untimeliness of the hearing, as evidence of their express consent to carry the motion for a new trial past the sixtieth day. Although this implied consent is not sufficient according to Rule 24.4, this Court chooses to authorize a more workable procedure for dealing with a hearing on a motion for a new trial conducted after the expiration of the 60-day period in Rule 24.4. Simply remanding this cause for another hearing on the same subject with the same witnesses would be a waste of judicial resources.
"Therefore, we remand this cause for the circuit court to determine whether the motion was continued by express agreement of the parties. If the trial court finds that it was, it is to amend the case action summary to reflect that fact."
879 So.2d at 613-14. In Underwood we held that a trial court could amend the case action summary after the 60-day time period had expired to reflect the parties' express consent to continue the motion for a new trial to a date certain.
However, six months after this Court released its decision in Underwood the Alabama Supreme Court released Ex parte Heard, [Ms. 1020241, December 19, 2003] ___ So.2d ___ (Ala.2003), which we believe impacts our holding in Underwood.
The Alabama Supreme Court in Heard reversed this Court's dismissal of Heard's direct appeal. In Heard v. State, [Ms. CR-01-1810, August 9, 2002] ___ So.2d ___ (Ala.Crim.App.2002), we dismissed Heard's appeal because the notice of appeal was untimely. We stated that the circuit court's attempt to enter an order after the fact, a nunc pro tunc order, to cure the Rule 24.4, Ala.R.Crim.P., deficiency did not operate to toll the time for filing the notice of appeal. Heard then filed a petition for a writ of certiorari with the Alabama Supreme Court. The Supreme Court held that the express consent of the parties must be on the record in order to satisfy the requirements of Rule 24.4, Ala. R.Crim.P., but that the record in Heard contained such an agreement. The Supreme Court stated:
"Heard alleges that the express consent of both parties to the continuance of the motion for a new trial was clearly expressed in the record before March 13, 2002, as required by Rule 24.4, Ala. R.Crim. P. Heard's uncontested February 11, 2002, motion, contained in the record, stated that Heard's counsel had `contacted counsel for the state who consents to such an extension for the stated grounds.' This, Heard alleges, constitutes the appearance in the record of the prosecution's consent to the continuance for purposes of Rule 24.4, Ala. R.Crim. P. We agree.
"In Ex parte Howlet, 801 So.2d 30 (Ala.2000), the defendant, Howlet, was convicted of two counts of capital murder. Subsequently, Howlet and the State filed a joint motion, pursuant to Rule 24.4, Ala. R.Crim. P., requesting a continuance past the 60-day time limit. In response, the trial court entered an *39 order stating that upon the joint motion of the parties, the trial court would continue the hearing on the motion for a new trial for 30 days. Thereafter, Howlet requested a second continuance of the motion for a new trial, and the State consented to the continuance. The trial court's order granting the second continuance, however, did not mention that the parties had agreed to continue the hearing. In holding that the trial court's order complied with Rule 24.4, this Court noted, among other things, that `the requested continuance was agreed upon by both parties, and that agreement is of record.' Id. at 33.
"In this case, Heard's unchallenged motion for a new trial demonstrated the express consent of both parties, and that consent was entered into the record when the motion was filed on February 11, 2002. In addition, the trial court filed an order in response to this motion on March 13, 2002, continuing the hearing to a date certain as required by Rule 24.4, Ala. R.Crim. P. Heard argues that this continuance was proper according to the plain language of Rule 24.4.
"`. . . .'
". . . The express consent of the parties to the continuance does appear in the record of this case, as required by Rule 24.4, Ala. R.Crim. P."
___ So.2d at ___. The Supreme Court in Heard did not recognize the circuit court's nunc pro tunc order as an effective means of complying with Rule 24.4. In both Heard, and Ex parte Howlet, 801 So.2d 30 (Ala.2000), a case relied on by the Supreme Court to reach its holding in Heard, the record contained a reference that the motion for a new trial was continued by agreement of both parties. That reference was either in an order issued by the circuit court or an unchallenged motion referencing the fact that both parties agreed to the continuance.
It appears that the Supreme Court's holding in Heard abrogated, in part, our holding in Underwood. It is clear from the Supreme Court's comments in Heard that there must be some affirmative reference in the record that the motion for a new trial was continued by agreement of both parties in order to comply with Rule 24.4, Ala.R.Crim.P.[3] The Heard Court did not recognize any circumstance where "implied consent" would be sufficient to satisfy Rule 24.4, Ala.R.Crim.P. Moreover, it appears that the Supreme Court made a great effort to find that "express consent on the record" was necessary to satisfy the requirements of Rule 24.4, Ala.R.Crim.P., as that court failed to find that the circuit court's nunc pro tunc order was sufficient.
The Supreme Court's holding in Heard is also consistent with its earlier holding in Ex parte Caterpillar, Inc., 708 So.2d 142 (Ala.1997), when interpreting an identical provision in the Alabama Rules of Civil Procedure  Rule 59.1, Ala.R.Civ.P.[4] In Caterpillar, that Court stated: "Any extension of the this 90-day period must be *40 of record before the 90-day period expires, because any purported extension after the 90 days is a nullity." 708 So.2d at 143 (emphasis added).
In accordance with Heard, this Court cannot direct a circuit court to correct a Rule 24.4, Ala.R.Crim.P., deficiency if nothing in the record supports that finding. Here, the record is totally devoid of any such agreement as is clearly evidenced by the circuit court's comments when we remanded this case.
Therefore, because there was no evidence in the record that the motion for a new trial was continued in accordance with Rule 24.4, Ala.R.Crim.P., the motion was deemed denied by operation of law on April 5, 2004, and Taylor's August 21, 2004, notice of appeal was untimely. Because the notice of appeal is untimely, this appeal is due to be dismissed. See Rule 4, Ala.R.App.P.
Taylor's relief, if any, is to file a petition for postconviction relief pursuant to Rule 32.1(f), Ala.R.Crim.P.[5]
APPEAL DISMISSED.
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur; SHAW, J., concurs specially, with opinion; COBB, J., dissents, with opinion.
SHAW, Judge, concurring specially.
I concur, and I adhere to what I wrote in Underwood v. State, 879 So.2d 611, 615 (Ala.Crim.App.2003):
"Furthermore, I note that to the extent the majority may be instructing the trial court to `consider the parties' implied consent, that is, their failure to object to the untimeliness of the hearing, as evidence of their express consent to carry the motion for a new trial past the sixtieth day,' 879 So.2d at 613, such an instruction cannot be reconciled with the plain language of Rule 24.4, Ala.R.Crim.P. See Personnel Bd. for Mobile County v. Bronstein, 354 So.2d 8 (Ala.Civ.App.1977), in which the Court of Civil Appeals discussed the `express consent' requirement of Rule 59.1, Ala.R.Civ.P., and Black's Law Dictionary 305 (6th ed.1990), defining `express consent' as `[t]hat directly given, either viva voce or in writing . . . . positive, direct, unequivocal consent, requiring no inference or implication to supply its meaning.'3 See also Harrison v. Alabama Power Co., 371 So.2d 19, 20-21 (Ala.1979) (`The consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' express consent to an extension of the 90-day period' under Rule 59.1.).
"3 `Express consent' is defined in Black's Law Dictionary 300 (7th ed.1999), as `[c]onsent that is clearly and unmistakably stated' as contrasted with `implied consent'  `[c]onsent inferred from one's conduct rather than from one's direct expression.'"
COBB, Judge (dissenting).
The majority bases its holding on its belief that in its determination in Ex parte Heard, [Ms. 1020241, December 19, 2003] ___ So.2d ___ (Ala.2003), the Alabama Supreme Court somehow abrogated this Court's decision in Underwood v. State, 879 So.2d 611 (Ala.Crim.App.2003). First, *41 I note that to abrogate means "[t]o abolish (a law or custom) by formal or authoritative action; to annul or repeal." Black's Law Dictionary 7 (8th ed.2004). The Supreme Court's opinion in Heard does not mention our decision in Underwood; it certainly does not abolish our holding by "formal or authoritative action."
Rather, the Supreme Court in Heard quotes Rule 24.4 and caselaw relevant to that Rule, as did this Court in Underwood. Such citations do not necessarily implicitly abrogate our decision in Underwood, which, inspired by a clearly sound desire to operate in the interest of judicial economy, served to define our treatment of a small group of cases, apparently unimagined when Rule 24.4 was drafted. In fact, the procedural posture of the case in Heard is not the least bit similar to the procedural posture presented in Underwood; in Heard the Supreme Court was not faced with a case in which the trial court had already conducted a hearing on the motion for a new trial  without objection by the State as to the timeliness of the hearing. It is clear that the issue presented in Underwood was not the same issue presented in Heard. For the reasons stated above, it is difficult to imagine how Heard abrogated Underwood.
I stand by my position in Underwood and maintain that, in a small number of cases, when the State has made no objection as to timeliness, and in the interest of avoiding the waste of judicial resources, it makes no sense to remand a cause to the trial court for it to conduct the very same hearing it has already conducted. Therefore, because I do not believe that the Supreme Court in Heard in any way abrogated our decision in Underwood, I dissent.
NOTES
[1] Rule 24.4, Ala.R.Crim.P., states:

"No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section."
(Emphasis added.)
[2] It appears that some of the confusion in this case was due to the fact that at the first posttrial-motion hearing, which was held within the 60-day time period, trial counsel was allowed to withdraw and new counsel was appointed. The motion for a new trial was then rescheduled for a hearing on May 18, 2004  a date well past the sixtieth day.
[3] The Supreme Court's comments are significant because the Supreme Court, pursuant to the rule-making authority granted to it by the Constitution, adopted Rule 24.4, Ala.R.Crim.P.
[4] Rule 59.1, Ala.R.Civ.P., states:

"No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
[5] Rule 32.1, Ala.R.Crim.P., states:

"Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original jurisdiction to secure appropriate relief on the ground that:
". . . .
"(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on the petitioner's part."