PER CURIAM.
 

 The appellant, Korey Dion Johnson, appeals his convictions for trafficking in cocaine and trafficking in marijuana. On July 24, 2008, Johnson was sentenced to 99 years for each conviction. On August 25,
 
 *970
 
 2008, Johnson filed a timely motion for a new trial.
 
 [1]
 
 On November 25, 2008, Johnson filed a notice of appeal. The circuit clerk’s records indicated that the motion for a new trial was deemed denied by operation of law on September 22, 2008— 60 days from the date of sentencing. See Rule 24.4, Ala. R.Crim. P. Thus, Johnson had 42 days from September 22, 2008, to file a timely notice of appeal.
 
 [2]
 
 See Rule 4(b)(1), Ala. R.App. P. Because Johnson’s notice of appeal was untimely, we requested that Johnson respond as to why the appeal should not be dismissed. Johnson informed this Court that he filed a motion to correct the record in circuit court pursuant to Rule 29, Ala. R.Crim. P. On December 19, 2008, the circuit court made the following entry on the case-action summary: “Motion to amend and/or correct case action summary is granted. The hearings of September 22, 2008, and October 6, 2008, were continued by agreement of both defendant and prosecution.” Johnson concedes that the “express consents did not appear ‘of record.’ ”
 

 The question before this Court is whether Rule 29, Ala. R.Crim. P., allows a trial judge to correct the failure to comply with the provisions of Rule 24.4, Ala. R.Crim. P., at any time. Rule 29, Ala. R.Crim. P., states, in pertinent part:
 

 “Clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission may be corrected by the court at anytime of its own initiative or on the motion of any party and after such notice, if any, as the court orders.”
 

 Rule 24.4, Ala. R.Crim. P., provides:
 

 “No motion for new trial or in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however,
 
 that with the express consent of the prosecutor and the defendant or the defendant’s attorney, which consent shall appear in the record,
 
 the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is
 
 continued,
 
 the
 
 motion is
 
 deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section.”
 

 (Emphasis added.)
 

 In
 
 Taylor v. State,
 
 905 So.2d 36 (Ala.Crim.App.2005), we addressed the effect of a nunc pro tunc
 
 [3]
 
 order on Rule 24.4, Ala. R.Crim. P., and stated:
 

 “The Supreme Court in
 
 [Ex parte] Heard,
 
 [999 So.2d 978 (Ala.2003),] did not recognize the circuit court’s nunc pro tunc order as an effective means of complying with Rule 24.4. In both
 
 Heard,
 
 and
 
 Ex parte Howlet,
 
 801 So.2d 30 (Ala.2000), a case relied on by the Supreme Court to reach its holding in
 
 Heard,
 
 the record contained a reference
 
 *971
 
 that the motion for a new trial was continued by agreement of both parties. That reference was either in an order issued by the circuit court or an unchallenged motion referencing the fact that both parties agreed to the continuance.
 

 “It appears that the Supreme Court’s holding in
 
 Heard
 
 abrogated, in part, our holding in
 
 Underwood [v. State,
 
 879 So.2d 611 (Ala.Crim.App.2003) ]. It is clear from the Supreme Court’s comments in
 
 Heard
 
 that there must be some affirmative reference in the record that the motion for a new trial was continued by agreement of both parties in order to comply with Rule 24.4, Ala.R.Crim.P. The
 
 Heard
 
 Court did not recognize any circumstance where ‘implied consent’ would be sufficient to satisfy Rule 24.4, Ala.R.Crim.P. Moreover, it appears that the Supreme Court made a great effort to find that ‘express consent on the record’ was necessary to satisfy the requirements of Rule 24.4, Ala.R.Crim.P., as that court failed to find that the circuit court’s nunc pro tunc order was sufficient.
 

 “The Supreme Court’s holding in
 
 Heard
 
 is also consistent with its earlier holding in
 
 Ex parte Caterpillar, Inc.,
 
 708 So.2d 142 (Ala.1997), when interpreting an identical provision in the Alabama Rules of Civil Procedure — Rule 59.1, Ala.R.Civ.P. In
 
 Caterpillar,
 
 that Court stated: ‘Any extension of the this 90-day period
 
 must be of record before the 90-day period expires,
 
 because any purported extension after the 90 days is a nullity.’ 708 So.2d at 143 (emphasis added).”
 

 905 So.2d at 39-40 (footnotes omitted).
 

 Johnson asserts that the circuit court’s December 19, 2008, order was sufficient to comply with the provisions of Rule 24.4. We are aware of no case that has applied Rule 29, Ala. R.Crim. P., to Rule 24.4, Ala. R.Crim. P. The purpose of Rule 24.4 is to “obtain finality of judgments.” See
 
 Edgar v. State,
 
 646 So.2d 683, 686 (Ala.1994). “Rule 24.4, Ala. R.Crim. P„ was ... designed to require trial judges to rule on post-judgment motions in criminal cases within 60 days after the pronouncement of sentence, a shorter period than is provided for in the civil rule, namely, 90 days. The whole purpose of the Rule is to ensure a speedier resolution of the case.” 646 So.2d at 687. It would be inconsistent with the purpose of Rule 24.4, Ala. R.Crim. P., to allow a judge to comply with the provision of Rule 24.4 allowing an extension of the 60-day period at any stage of the proceedings.
 

 Also, Rule 29, Ala. R.Crim. P., was patterned after Rule 60(a), Ala. R. Civ. P. See Committee Comments to Rule 29, Ala. R.Crim. P. In interpreting the scope of Rule 60(a), Ala. R. Civ. P., the Alabama Supreme Court has stated:
 

 “ ‘ “Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court’s initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date.
 
 Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned.
 
 See
 
 Ex parte ACK Radio Supply of Georgia,
 
 283 Ala. 630, 219 So.2d 880 (1969);
 
 Busby v. Pierson,
 
 272 Ala. 59, 128 So.2d 516 (1961);
 
 Tombrello Coal Co. v. Fortenberry,
 
 248 Ala. 640, 29 So.2d 125 (1947).
 
 Stated differently, the fact of mistake or error must be supported by the record of the proceedings.
 
 See
 
 Harris v. Harris,
 
 256 Ala. 192, 54 So.2d 291 (1951).” ’ ”
 

 
 *972
 

 Ex parte Brown,
 
 963 So.2d 604, 608 (Ala.2007), quoting
 
 Higgins v. Higgins,
 
 952 So.2d 1144, 1148 (Ala.Civ.App.2006) (emphasis added). Johnson concedes that the “express consent [of the parties], did not appear ‘of record,’ ” before the expiration of the 60th day.
 

 The rationale in
 
 Brown
 
 applies to Rule 24.4, Ala. R.Crim. P., and is consistent with our holding in
 
 Taylor.
 
 We hold that in order to comply with the provisions of Rule 24.4, Ala. R.Crim. P., the agreement of all parties to continue the motion for a new trial must be on the record before the expiration of the 60th day, and this failure may not be corrected after that period expires.
 

 Johnson’s motion for a new trial was deemed denied by operation of law on September 22, 2008, and his November 25, 2008, notice of appeal was not timely filed. Accordingly, this appeal is due to be dismissed. Johnson’s remedy, if any, is to file a petition for postconviction relief pursuant to Rule 32.1(f), Ala. R.Crim. P.
 

 APPEAL DISMISSED.
 

 WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . The thirtieth day for filing the motion for a new trial fell on a Saturday. Pursuant to Rule 1.3, Ala. R.Crim. P., Johnson had until the next business day, Monday, August 25, 2008, to timely file the postjudgment motion.
 

 [2]
 

 . While a posttrial motion is pending pursuant to Rule 24.4, Ala. R.Crim. P., the time for filing a notice of appeal is tolled. See Rule 4(a)(1), Ala. R.App. P.
 

 [3]
 

 ."Nunc pro tunc” is defined in
 
 Black's Law Dictionary
 
 as "[h]aving retroactive legal effect through a court’s inherent power.”
 
 Black's Law Dictionary
 
 1100 (8th ed.2004).