WELCH, Judge.
 

 Corey Demekus Bryant appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief and reinstatement of his original 60-year sentence.
 

 
 *931
 
 The record reflects that Bryant pleaded guilty to murder on December 12, 1990; he was sentenced to 60 years’ imprisonment on February 1, 1991. On February 5, 1991, Bryant filed a timely motion for sentence reduction. After several continuances, the trial court conducted a hearing on the motion on May 16,1991, after which it entered an order reducing Bryant’s sentence to 40 years’ imprisonment.
 
 [1]
 
 Bryant filed a notice of appeal from that order, but this Court dismissed the appeal on May 28, 1991, as being from a non-appeal-able order (case no. CR-90-1221). Bryant subsequently filed three Rule 32 petitions attacking his conviction and sentence, all of which were denied by the circuit court; the denials were affirmed by this Court on appeal. See
 
 Bryant v. State
 
 (No. CR-01-2636), 876 So.2d 1196 (Ala.Crim.App.2003) (table);
 
 Bryant v. State
 
 (No. CR-95-0305), 683 So.2d 1075 (Ala.Crim.App.1996) (table); and
 
 Bryant v. State
 
 (No. CR-92-1598), 639 So.2d 586 (Ala.Crim.App.1993) (table).
 

 Bryant filed this, his fourth, Rule 32 petition, on September 3, 2008. In his petition, Bryant alleged: (1) that the trial court lacked jurisdiction to accept his plea because, he said, the arrest warrant was invalid; and (2) that the trial court lacked jurisdiction to reduce his sentence and that his reduced sentence was therefore illegal because, he said, he was not present at the hearing on May 16, 1991, when his sentence was reduced. On October 6, 2008, the State filed a “Response, Motion for Summary Dismissal of Defendant’s Rule 32 Petition, and Motion to Reinstate Original 60-year Sentence,” in which it argued, among other things, that Bryant’s claims were haired by Rules 32.2(a), (b), and (c), Ala. R.Crim. P., and were insufficiently pleaded. (C. 42.) With respect to Bryant’s challenge to his reduced 40-year sentence, however, the State nonetheless agreed with Bryant that the trial court lacked jurisdiction to reduce his sentence on May 16, 1991, and that the reduced sentence was illegal, but on a different ground than alleged by Bryant. The State argued that the trial court lacked jurisdiction to reduce Bryant’s sentence on May 16, 1991, more than three months after he had originally been sentenced on February 1, 1991, because, it said, although Bryant had filed a timely motion for sentence reduction, which was construed as a motion for a new trial and that motion was continued several times before the May 16, 1991, hearing, the motion was not continued by agreement of the parties in accordance with Rule 24.4, Ala. R.Crim. P., and, thus, the motion was deemed denied by operation of law 60 days after Bryant’s February 1, 1991, sentencing — on April 2, 1991 — and the trial court’s May 16, 1991, order purporting to reduce Bryant’s sentence was void for lack of jurisdiction. The State requested that the circuit court reinstate Bryant’s original 60-year sentence.
 

 The circuit court issued an order on October 22, 2008, summarily denying Bryant’s petition on the grounds that the petition was barred as successive under Rule 32.2(b), that the claims were insufficiently pleaded, and that Bryant’s claim regarding his absence at the May 16, 1991, sentence-reduction hearing was moot because, it said, the trial court lacked jurisdiction to reduce the sentence when Bryant’s postjudgment motion for sentence reduction was not continued by agreement of the parties in accordance with Rule 24.4, Ala. R.Crim. P. The circuit court reinstated Bryant’s original 60-year sentence. On November 4, 2008,
 
 *932
 
 Bryant filed a motion objecting to the summary denial of his petition, arguing that the circuit court had not specifically “re-fut[ed]” his challenge to the arrest warrant. (C. 58.) Bryant filed a notice of appeal on November 7, 2008. On November 25, 2008, Bryant filed an untimely motion to set aside that portion of the circuit court’s order reinstating his 60-year sentence, arguing — in direct contradiction to the argument in his petition that the trial court did not have jurisdiction to reduce his sentence on May 16, 1991 — that the trial court did have jurisdiction to reduce his sentence on May 16, 1991, because, he said, his motion for sentence reduction had been continued by agreement of the parties past the 60th day after sentencing. The circuit court purported to deny this untimely motion on December 22, 2008.
 

 On appeal, Bryant contends that the circuit court erred in summarily denying his petition without conducting an evi-dentiary hearing because, he says, both his claims are jurisdictional and, thus, are not banned by any of the provisions of Rule 32.2, and both are meritorious on their face. He also contends that the circuit court erred in reinstating his original 60-year sentence. We reject both arguments.
 

 Contrary to Bryant’s contention, a challenge to an arrest warrant does not present a jurisdictional challenge. See, e.g.,
 
 Bearden v. State,
 
 825 So.2d 868 (Ala.Crim.App.2001);
 
 Duren v. State,
 
 813 So.2d 928 (Ala.Crim.App.2000); and
 
 Sumlin v. State,
 
 710 So.2d 941 (Ala.Crim.App.1998) (all holding that a challenge to an arrest warrant is not jurisdictional). Therefore, the circuit court correctly found this claim to be barred as successive under Rule 32.2(b), which provides:
 

 “If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.”
 

 Bryant’s sole attempt to overcome the successive-petition bar was to argue, incorrectly, that this claim was jurisdictional. Bryant did not allege in his petition, in any of his other filings, or in his brief on appeal, that he had good cause for not raising this claim in any of his three previous petitions or that he could not have ascertained this claim through the exercise of reasonable diligence when his previous petitions were heard, nor did he allege that the failure to entertain this claim would result in a miscarriage of justice. See, e.g.,
 
 Whitt v. State,
 
 827 So.2d 869, 876 (Ala.Crim.App.2001) (“[T]he circuit court correctly ruled that Whitt’s claims ... were successive under Rule 32.2(b) because they could have been raised in his first Rule 32.2 petition.... Whitt made no attempt to show cause why the claims could not have been raised in his previous petition or to show that failure to entertain the new claims would result in a miscarriage of justice.”). See also
 
 Wallace v. State,
 
 959 So.2d 1161 (Ala.Crim.App.2006), and
 
 Fortner v. State,
 
 825 So.2d 876 (Ala.
 
 *933
 
 Crim.App.2001). Because this is Bryant’s fourth petition and because he failed to show good cause why this claim was not raised in any of his previous petitions, it is barred by Rule 32.2(b). In addition, as the State asserted in its response, this claim is also barred by Rule 32.2(c), Ala. R.Crim. P., because Bryant’s petition was filed long after the two-year limitations period applicable to his conviction
 
 [2]
 
 had expired. See, e.g.,
 
 Sumlin,
 
 710 So.2d at 942 (“[BJecause the claim [challenging the arrest warrant] is not a jurisdictional claim and because the petition was filed more than two years after this court issued its certificate of judgment, it is also procedurally barred by the limitations period of Rule 32.2(c), Ala. R.Crim. P.”). Accordingly, summary denial of this claim was proper under Rule 32.7(d), Ala. R.Crim. P.
 

 As for Bryant’s challenge to his reduced 40-year sentence, we note first that Bryant did not receive a true adverse ruling on this claim. Although the circuit court found that Bryant’s specific challenge to the trial court’s jurisdiction was moot, it nonetheless found exactly what Bryant argued — that the trial court lacked jurisdiction to reduce his sentence on May 16, 1991 — albeit for a different reason than argued by Bryant in his petition. “[A]n adverse ruling is a prerequisite to appellate review .... ”
 
 Roberts v. State,
 
 579 So.2d 62, 65 (Ala.Crim.App.1991). In addition, Bryant’s argument on appeal — that the circuit court erred in reinstating his original 60-year sentence because, he says, the trial court did have jurisdiction to reduce his sentence on May 16, 1991 — is in direct conflict with the argument he made in his petition — that the trial court did not have jurisdiction to reduce his sentence on May 16,1991.
 

 “A party cannot assume inconsistent positions at trial and on appeal, and a party cannot allege as error proceedings in the trial court that were invited by him or were a natural consequence of his own action.
 
 Leverett v. State,
 
 462 So.2d 972 (Ala.Cr.App.1984), cert. denied, 462 So.2d 972 (Ala.1985). A defendant cannot invite error by his conduct and later profit by the error.
 
 Timmons v. State,
 
 487 So.2d 975 (Ala.Cr.App.), cert. denied, 487 So.2d 975 (Ala.1986).”
 

 Fountain v. State,
 
 586 So.2d 277, 282 (Ala.Crim.App.1991). Finally, Bryant’s challenge to the reinstatement of his original 60-year sentence was not timely raised in the circuit court. Bryant did not raise this claim in his timely postjudgment motion objecting to the circuit court’s order; rather, he raised it for the first time in his untimely motion to set aside the reinstatement of his original sentence. “The general rules of preservation apply to Rule 32 proceedings.”
 
 Boyd v. State,
 
 913 So.2d 1113, 1123 (Ala.Crim.App.2003).
 

 That being said, because Bryant’s resen-tencing — both at the sentence-reduction hearing in 1991 and in the circuit court’s order denying Bryant’s Rule 32 petition in 2008 — implicates the jurisdiction of the court, we address the propriety of the circuit court’s findings regarding Bryant’s claim and its reinstatement of Bryant’s original 60-year sentence.
 

 In its order, the circuit court found that the trial court lacked jurisdiction to reduce Bryant’s sentence on May 16, 1991, more than three months after his original sentence was imposed because, it said, the record did not indicate that Bryant’s post-
 
 *934
 
 judgment motion for sentence reduction was continued by agreement of the parties in accordance with Rule 24.4, Ala. R.Crim. P. Although, as explained below, we agree with the circuit court that the trial court lacked jurisdiction to reduce Bryant’s sentence on May 16, 1991, because Bryant’s postjudgment motion was not continued by agreement of the parties, we point out that the circuit court’s reliance on Rule 24.4 for this proposition was misplaced. As noted above, Bryant was convicted in December 1990 and was sentenced in February 1991. The Alabama Rules of Criminal Procedure took effect on January 1, 1991, after Bryant’s conviction, but before his sentencing. At that time, Rule 1.5, Ala. R.Crim. P., provided that “[tjhese rules shall govern all criminal proceedings commenced at or after 12:01 a.m., January 1, 1991.” Rule 1.5 was amended effective April 21, 1992, to read: “These rules shall govern all criminal proceedings, without regard to when the proceeding was commenced.” However, because that amendment occurred long after Bryant’s conviction and sentence, it is not applicable to Bryant. See, e.g.,
 
 Ex parte Ziglar,
 
 604 So.2d 384, 387 (Ala.1992) (The amendment to Rule 1.5, Ala. R.Crim. P., “was not intended to be applied
 
 ex post facto
 
 in violation of Art. I, § 7, Alabama Constitution (1901), and Art. I, § 9, United States Constitution.”). Rather, the original Rule 1.5, as it read at the time of Bryant’s sentencing is applicable here, and that rule dictates that the Alabama Rules of Criminal Procedure, including Rule 24.4, do not apply to Bryant’s case because the case was commenced before January 1, 1991, the effective date of the current rules. See
 
 Prince v. State,
 
 623 So.2d 355, 361 n. 1 (Ala.Crim.App.1992) (holding that the current Rules of Criminal Procedure were not applicable because the “amendment [to Rule 1.5] was not effective until April 21,1992, some five months after the appellant’s November 1991 trial”). See also
 
 Alderman v. State,
 
 647 So.2d 28 (Ala.Crim.App.1994). Therefore, the circuit court erred in relying on Rule 24.4.
 

 However, at the time of Bryant’s conviction and sentence, the Temporary Rules of Criminal Procedure were in effect. At that time, Rule 13(d), Ala. R.Crim. P. Temp., provided:
 

 “No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days, except as provided in this section. A failure by the trial court to rule on such motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day. Provided, however, that with the express consent of the district attorney and the defendant or his attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section.”
 

 This rule is very similar to current Rule 24.4, Ala. R.Crim. P.
 
 [3]
 
 Both provide for a
 
 *935
 
 motion for a new trial to be denied by-operation of law after 60 days, and both include the requirement that the parties’ consent to having the motion extended beyond the time period must be express and appear on the record. The only difference between the two is that the 60-day period under Rule 13(d), Ala. R.Crim. P. Temp., began to run the day the motion for a new trial was filed, while the 60-day period under Rule 24.4, Ala. R.Crim. P., begins to run the day of sentencing. Given the substantial similarities between the two rules, established caselaw regarding Rule 24.4, Ala. R.Crim. P., is equally applicable to Rule 13(d), Ala. R.Crim. P. Temp. Therefore, although the circuit court incorrectly relied on Rule 24.4, Ala. R.Crim. P., its analysis and conclusion was nonetheless correct.
 

 “Generally, a trial court retains jurisdiction to modify a sentence for [only] 30 days after that sentence is pronounced; however, [a] motion to alter, amend, or vacate a sentence is the functional equivalent of a motion for a new trial and ‘should be treated the same procedurally as a motion for new trial or a motion in arrest of judgment ....”’
 
 State v. Monette,
 
 887 So.2d 314, 315 (Ala.Crim.App.2004), quoting
 
 Melvin v. State,
 
 583 So.2d 1365, 1366 (Ala.Crim.App.1991). See also
 
 Dixon v. State,
 
 920 So.2d 1122, 1127 (Ala.Crim.App.2005) (“A motion to set aside or modify a sentence falls under the purview of Rule 24.4.”). Thus, under Rule 13(d), Ala. R.Crim. P. Temp., a trial court had jurisdiction to modify a sentence based on a timely motion for sentence modification for at least 60 days after the motion was filed, and could have retained jurisdiction even longer if the motion was continued by express agreement of the parties. An express agreement by the parties however, must appear on the record “before the expiration of the 60th day,” and the failure of the express agreement to appear on the record “may not be corrected after [the 60-day] period expires.”
 
 Johnson v. State,
 
 18 So.3d 969, 972 (Ala.Crim.App.2009).
 

 In this case, the record contains the case-action summary as well as the trial court’s orders continuing Bryant’s motion for sentence reduction. None of these documents reflect any agreement by the parties to continue the motion past the 60th day after Bryant filed his motion on February 5, 1991. To the contrary, the case-action summary and the orders reflect only that the trial court continued the motion once “[a]t request of Defendant” (C. 51), and four times with no indication as to the reason for the continuances. Bryant argues in his reply brief on appeal that the prosecutor did not object to any of the continuances and, thus, that the continuances should be considered as being based on the express consent of the parties. However, contrary to Bryant’s contention, the failure of the prosecutor to object to the continuances does not constitute an express agreement on the record. See
 
 Taylor v. State,
 
 905 So.2d 36 (Ala.Crim.App.2005), overruling
 
 Underwood v. State,
 
 879 So.2d 611 (Ala.Crim.App.2003). Because Bryant’s motion for sentence reduction was not continued by express agreement of the parties with that agreement appearing on the record before the expiration of the 60-day period in Rule 13(d), Ala. R.Crim. P. Temp., Bryant’s motion was denied by operation of law 60 days after he filed the motion on February 5, 1991 — or on April 8, 1991
 
 [4]
 
 — and the
 
 *936
 
 circuit court correctly found that the trial court lacked jurisdiction to reduce Bryant’s sentence on May 16,1991.
 

 We note that in an amendment to his reply brief, Bryant makes an additional, and inconsistent, argument from the argument presented in his initial brief and reply brief — he argues that a motion for sentence reduction is not the equivalent of a motion for a new trial and, thus, that an agreement on the record to continue his motion for sentence reduction was unnecessary. However, as noted above, this Court has already held that “[a] motion to alter, amend, or vacate a sentence is the functional equivalent of a motion for a new trial and ‘should be treated the same pro-eedurally as a motion for new trial or a motion in arrest of judgment ....’”
 
 Monette,
 
 887 So.2d at 315, quoting
 
 Melvin,
 
 583 So.2d at 1366. Moreover, even if Bryant was correct that a motion for sentence reduction is not the equivalent of a motion for a new trial, this does not help his cause. As noted above, absent a timely filed motion for a new trial or its equivalent, a trial court loses jurisdiction to modify a sentence 30 days after it is imposed. Therefore, if Bryant’s motion for sentence reduction is not considered the equivalent of a motion for a new trial, the trial court lost jurisdiction to modify his sentence 30 days after he was sentenced on February 1, 1991, or on March 4, 1991,
 
 [5]
 
 more than two months before it reduced Bryant’s sentence on May 16, 1991. Thus, regardless of how Bryant’s motion is construed, the trial court did not have jurisdiction to reduce his sentence on May 16, 1991. Because the trial court did not have jurisdiction to reduce Bryant’s sentence for this reason, the circuit court correctly found Bryant’s argument regarding his absence from the May 16, 1991, sentence-reduction hearing to be moot.
 

 In addition, once the circuit court determined that the trial court lacked jurisdiction to reduce Bryant’s sentence on May 16, 1991, it properly ordered that Bryant’s original, and valid,
 
 [6]
 
 60-year sentence be reinstated. When an order purporting to modify a sentence is void for lack of jurisdiction, the original valid sentence must be reinstated. See, e.g.,
 
 Ex parte Hitt,
 
 778 So.2d 159, 162 (Ala.2000) (“[T]he order purporting to modify Hitt’s D.U.I. sentence is void. The original D.U.I. sentence must be reinstated.”). See also
 
 Cruitt v. State,
 
 893 So.2d 1236 (Ala.Crim.App.2003);
 
 State v. Trussed,
 
 880 So.2d 1177 (Ala.Crim.App.2003);
 
 Estes v. State,
 
 776 So.2d 206 (Ala.Crim.App.1999); and
 
 State v. Gagliardi,
 
 747 So.2d 366 (Ala.Crim.App.1999) (all ordering reinstatement of original valid sentence when resentence was void for lack of jurisdiction).
 

 Contrary to Bryant’s contention, the reinstatement of an original, harsher, sentence in this situation does not violate double-jeopardy principles. We agree with Bryant that “[o]nee a
 
 valid
 
 sentence has been entered, it cannot, in the absence of fraud or another compelling reason, be altered anytime thereafter so as to increase the severity of the sentence.”
 
 *937
 

 Ex parte Tice,
 
 475 So.2d 590, 591-92 (Ala.1984) (emphasis added). “Increasing a
 
 valid
 
 sentence after a defendant has commenced serving the sentence violates the prohibition against double jeopardy in both the United States and Alabama Constitutions.”
 
 Snell v. State,
 
 723 So.2d 105, 108 (Ala.Crim.App.1998) (emphasis added). However, “[a]n increase in sentence where the [previous] sentence is void is the ‘most common exception to the general rule prohibiting enhancement of an imposed sentence.’”
 
 Cline v. State,
 
 571 So.2d 368, 369-70 (Ala.Crim.App.1990), quoting A. Campbell,
 
 Law of Sentencing
 
 § 59 (1978). “[I]n correcting an
 
 illegal
 
 sentence, the double jeopardy protection is not violated even if the defendant has begun serving the original sentence.”
 
 Id.
 
 at 370 (emphasis added). “ ‘[E]ven after the defendant has begun to serve his sentence, the trial court is
 
 obligated
 
 to alter an
 
 invalid
 
 sentence; further, any increase in the sentence does not raise double jeopardy problems.’ ”
 
 Greenhill v. State,
 
 746 So.2d 1064, 1072 (Ala.Crim.App.1999) (emphasis added), quoting
 
 Love v. State,
 
 681 So.2d 1108, 1109 (Ala.Crim.App.1996). See also
 
 Bozza v. United States,
 
 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), and
 
 Hughes v. State,
 
 518 So.2d 890 (Ala.Crim.App.1987). Therefore, because the reduced 40-year sentence imposed on May 16, 1991, was void for lack of jurisdiction, the circuit court properly reinstated Bryant’s original 60-year sentence.
 

 Based on the foregoing, the judgment of the circuit court is affirmed.
 

 AFFIRMED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . The written order was dated May 17, 1991; however, for purposes of this opinion, we refer to the hearing date as the dale of Bryant's sentence reduction.
 

 [2]
 

 . Rule 32.2(c), Ala. R.Crim. P., was amended effective August 1, 2002, to reduce the limitations period from two years to one year; however, for those cases that became final before August 1, 2001, the two-year limitations period applies. See
 
 Hyde v. State,
 
 950 So.2d 344 (Ala.Crim.App.2006).
 

 [3]
 

 . Rule 24.4, Ala. R.Crim. P., provides:
 

 "No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant’s attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date
 
 *935
 
 lo which the motion is continued, the motion is deemed denied as of that dale, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section.”
 

 [4]
 

 . The 60th day was actually April 6, 1991; however, because that day was a Saturday,
 
 *936
 
 the motion was deemed denied the next business day, Monday, April 8, 1991. See Rule 1.3(a), Ala. R.Crim. P.
 

 [5]
 

 . The 30th day was actually March 3, 1991; however, because that day was a Sunday, the trial court lost jurisdiction the next business day, Monday, March 4, 1991. See Rule 1.3(a), Ala. R.Crim. P.
 

 [6]
 

 . The 60-year sentence was clearly within the statutory range for a murder conviction in 1991. See § 13A-6-2(c), Ala.Code 1975 (providing that murder is a Class A felony), and § 13A-5-6(a)(l), Ala.Code 1975 (providing that the punishment for a Class A felony is "life or not more titan 99 years or less than 10 years”).